## DEWEY v. LAMBIER et al.

Joint-tenants must join in an action for possession of land jointly held. The failure to do so is fatal to a recovery.

The amendatory act of 1855, concerning conveyances, abolishing joint-tenancies, except when expressly declared, can only apply to future, and not to past conveyances.

The Legislature is without power to affect past contracts, or to alter or destroy the nature or tenure of estates.

The case of Cohas v. Raisin, 3 Cal., 443, affirmed.

APPEAL from the District Court of the Fourth Judicial District.

This was an action of ejectment, to recover the undivided one-half of one-hundred-vara lot number one hundred and ten, in the city of San Francisco, granted by Leavenworth, alcalde, to one Harrison, on the third day of December, 1848, Harrison having, on the twenty-ninth of September, 1853, conveyed the premises to plaintiff, and one A. Welch. The granting portion of the deed read as follows : "Have bargained, sold, and quit-claimed, and by these presents do bargain, sell, and quit-claim, unto the said Squire P. Dewey and Aristides Welch, and to their heirs and assigns forever, all my right, title, and interest in and to," etc.

The defence, among other things, relied upon the invalidity of the alcalde grant, and, on the trial, asked the Court to give the following instruction to the jury, which was refused by the Court, to which the defendants excepted :

"That, at the date of said grant of Leavenworth to Harrison, there was no law of the United States that authorized him to make it, nor was any such authority conferred upon him by any law which had its origin in California, subsequent to the acquisition of the country by the United States."

The Court read to the jury a portion of the case of Cohas v. Raisin, reported in 3 California, on page 443, under the exception of defendants' counsel.

Judgment was rendered for plaintiff. Defendants moved for a new trial, which being denied, they appealed.

D. W. Perley for Appellants.

H. P. Hepburn for Respondent.
No briefs on file.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This was an action of ejectment. On the trial, the plaintiff established title to the premises, by a conveyance from one Harrison to himself and Aristides Welch. As Welch, and Dewey,

the present plaintiff, were joint-tenants, they should have joined in this action, and the failure to do so is fatal to a recovery.

It may be supposed that the first section of the act of 1855, passed April 27th, concerning conveyances, has destroyed the joint-tenancy that was created by deed. The statute was only intended to apply to future, and not to past conveyances. Indeed, the power of the Legislature to affect past contracts, and alter or destroy the nature or tenure of estates, could not be maintained.

In the examination of this case, we have observed the same line of defence, substantially, that was made in the case of Cohas v. Raisin, 3 Cal. R., and lest it might be supposed that there is some disposition on the part of this Court to question that decision, we take this occasion to approbate the same, and to announce our determination of adhering to it.

Judgment reversed, and cause remanded, with leave to plaintiff to amend.