## HARPER AND WIFE v. FORBES et al.

A COMPLAINT by husband and wife to recover the homestead conveyed away by the deed of the husband alone must aver, either that the premises were occupied as a homestead at the date of the conveyance, or that they had not been previously abandoned.

Occupancy of the premises by the husband with his family is presumptive evidence of their appropriation as a homestead, and removal from such premises by the husband and family, is presumptive evidence of their abandonment as a homestead.

To rebut the presumption of abandonment in such case, it must be shown that the removal was temporary, made for a specific purpose, with the intention of reoccupying the premises.

APPEAL from the Twelfth District.

The complaint alleges that the plaintiffs are husband and wife, and were so previous to the year 1854; that while thus husband and wife, Edward Harper, the husband, acquired the premises in controversy by purchase; that while he was thus the owner, the plaintiffs occupied the premises as their homestead for many months during the years 1853 and 1854; that the premises were the only homestead ever occupied or claimed by them in this State; that the said Edward Harper, on the twenty-ninth of July, 1854, by his deed of that date, and to which his wife, the plaintiff, Mary Harper, was not a party, conveyed the same to one Edward Parrish, who went into possession under the said deed; that the said Mary Harper has united in no conveyance of the premises, or relinquished her claim or title to them as a homestead; that at the time of the conveyance the plaintiffs were both citizens of the city and county of San Francisco, and had been so for many months continuously next preceding, and that the said Mary Harper is still a resident of the State; that the defendant, Alexander Forbes, claims to be entitled to the premises under some claim of title derived from said Edward Parrish, directly or indirectly; that he entered into possession under and by virtue of his said claim; and that the defendant, Simons, is in the actual possession thereof under a lease from said Forbes, and as his tenant; and that the defendants, though often requested, refuse to surrender the possession. Then follows the prayer that the plaintiffs be decreed to be entitled to the premises as a homestead; that the same be set apart to them as such, and that the defendants be decreed to surrender the possession to the plaintiff, Mary, and

Harper *v.* Forbes.

to account for the rents and profits since they came into possession; and for such other and further relief as may be consistent with equity and justice. The complaint was filed on the twenty-fourth of November, 1857, and is verified by the oath of the plaintiff, Mary Harper, and not by the oath of her husband.

To the complaint the defendants demurred, on the grounds, that it does not state facts sufficient to constitute a cause of action, and that there is a defect of parties defendant, in that Edward Parrish is not made a party. The Court sustained the demurrer, with leave to the plaintiffs to amend their complaint within ten days. No amendment being made, final judgment was rendered for the defendants. From this judgment the plaintiffs appeal.

*Crockett & Crittenden*, for Appellants.

*B. S. Brooks*, for Respondents.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

The complaint alleges that the plaintiff, Edward Harper, acquired the premises in controversy by purchase previous to 1854, and occupied the same with his wife as a homestead many months during the years 1853 and 1854; that he conveyed the same in July, 1854, to Edward Parrish, who went into possession; and under whom the defendants claim; that his wife never joined in the conveyance, or otherwise relinquished her claim to the homestead, and concludes with a prayer for a decree adjudging that the plaintiffs are entitled to the premises as a homestead, and that the defendants surrender the possession to the wife and account for the rents and profits. The demurrer to the complaint was sustained, with leave to the plaintiffs to amend. No amendment having been made within the time prescribed by the order of the Court, final judgment was rendered from which the appeal is taken. The complaint was evidently intended as a bill in equity, and not as the first pleading in an action of ejectment. It is immaterial, for the purposes of the appeal, in which light the complaint is regarded, as there is a fatal defect in its allegations in either respect. It contains no averment that the premises were occupied as a homestead at the date of the husband's conveyance, or that they had not been previously abandoned.

Occupancy of premises by the husband with his family, is presump-

tive evidence of their appropriation as a homestead.   It was so held in *Cook et al.* v. *McChristian*, (4 Cal. 25) and we think correctly. Removal from premises thus appropriated by the husband with his family, is in like manner presumptive evidence of their abandonment as a homestead.   In both cases, the presumption must be rebutted by parties who assert a claim to the premises in the face of such occupancy or removal.

What circumstances will be sufficient to rebut the presumption of abandonment, may often be a matter of much difficulty to determine. It is sufficient to say that it must appear that the removal was temporary in its nature, made for a specific purpose, with the intention of reöccupying the premises.   The necessities of the family, their maintenance, their health, or the education of the children, may often require a temporary change of residence.   In such cases the premises will still retain their original character as a homestead.

In the present case the complaint shows a removal from the premises; it alleges that the grantee entered into the possession under the conveyance of the husband, and that parties claiming under the grantee are still in actual possession.   It discloses, therefore, a *prima facie* case of abandonment, which is not negatived by any averments.   It is quite possible that the premises may have been occupied as a homestead many months in 1853 and 1854, and yet have been absolutely abandoned at the date of the conveyance.

Judgment affirmed.