[No. 981.]

# D. LACHMAN ET AL., APPELLANTS, *v.* W. A. WALKER, SHERIFF OF WASHOE COUNTY, RESPONDENT.

HOMESTEAD—DECLARATION MUST BE RECORDED.—No person is entitled to the benefit of the homestead law without filing a written declaration claiming the premises as a homestead.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts are stated in the opinion.

*William Cain,* for Appellants:

I. The lien of a judgment never attaches on a homestead claim. Upon a conveyance thereof, the purchaser takes the land, clear of any judgment lien, docketed whilst the homestead claimant was occupying it. (*Green* v. *Marks,* 25 Ill. 225; *Bliss* v. *Clark,* 39 Id. 590; *Wiggins* v. *Chance,* 54 Id. 175; Civil Practice Act, 206; *Ackley* v. *Chamberlain,* 16 Cal. 183; *Bowman* v. *Norton,* Id. 220; *Houghton* v. *Lee,* 50 Id. 101.)

II. Compliance with the act of 1865 is not a condition precedent to exempt a homestead from execution. A party forfeits no rights secured by the law and constitution of this state if he fails to avail himself of the additional benefits of that act. He may not have the exemptions, nor the rights of survivorship, acquired by compliance, but he has all the protection of a homestead claimant under the constitution and the act of the legislature of this state, November 13, 1861.

Non-compliance is no forfeiture. (*Estate of David Walley,* 11 Nev. 265; *Cohen* v. *Davis,* 20 Cal. 187; *Clark* v. *Shannon,* 1 Nev. 568; *Goldman* v. *Clark,* Id. 607; *Hawthorne* v. *Smith,* 3 Id. 182.)

*Haydon & Queen,* for Respondent:

The court below was right in sustaining defendant's demurrer to plaintiff's complaint, because the complaint was defective in not stating that plaintiff's grantors had selected

the property in controversy as a homestead, and caused the declaration of their intention to be recorded as required by law.   (*Hawthorne et al.* v. *Smith*, 3 Nev. 189.)

By the Court, LEONARD, J.:

Plaintiffs instituted this action to enjoin defendant, sheriff of Washoe county, from selling certain real property under an execution issued out of the district court, in Washoe county, upon a judgment recovered in said court, September 27, 1878, in favor of G. Rinaldo, and against Patrick McCarran, for the sum of five hundred and forty-four dollars, besides interest and costs.

Prior to January 7, 1879, for more than four years, McCarran and wife occupied and claimed the property as a homestead, but neither one nor both selected the premises as a homestead, according to the homestead act of this state, approved March 6, 1865.

On the seventh of January, 1879, McCarran and wife conveyed the property to plaintiffs, and on the thirtieth of January, 1879, the defendant levied upon the property, and advertised it for sale.   Rinaldo's judgment was docketed in said court, September, 1878, and the premises levied on do not exceed seven hundred dollars in value.

The court below sustained defendant's demurrer to the complaint, because it did not appear therefrom that the grantors of plaintiffs had at any time availed themselves of the benefits of the homestead act, or had selected the premises according to the provisions of said act; that, therefore, the premises were at no time the homestead of Patrick McCarran and wife, so as to exempt the same from the lien of the judgment recovered and docketed September 27, 1878, in favor of G. Rinaldo, and against Patrick McCarran; that they were subject to said judgment lien when they were conveyed to plaintiffs, and so continued until defendant made his levy.   Plaintiffs refused to amend their complaint, and a judgment of dismissal was ordered and entered. This appeal is from that judgment, and but one question is presented for our consideration, viz.: Is compliance with the first section of the homestead statute (Comp. L. 186), in relation to the manner of selection, a condition precedent

to the exemption therein provided, when, as in this case, the premises are actually occupied as the home of the judgment debtor, and might have been selected and held as a homestead according to the provisions of the statute? The statute provides as follows:

Section 1. "The homestead * * * to be selected by the husband and wife, or either of them, or other head of a family, shall not be subject to forced sale, on execution or any final process, from any court, for any debt or liability contracted or incurred after November 13, 1861. Said selection shall be made by either the husband or wife, or both of them, or other head of a family, declaring their intention, in writing, to claim the same as a homestead. Said declaration shall state that they, or either of them, are married; that he or she is the head of a family; that they, or either of them, as the case may be, are, at the time of making such declaration, residing with their family, or with the persons under their care and maintenance, on the premises, particularly describing said premises, and that it is their intention to use and claim the same as a homestead, which declaration shall be signed by the party making the same, and acknowledged and recorded as conveyances affecting real estate are required to be acknowledged and recorded, and from and after the filing for record of said declaration, the husband and wife shall be deemed to hold said homestead as joint tenants."

We intimate no opinion of what would have been the effect of a homestead declaration, filed by plaintiff's grantors, subsequent to the docketing of Rinaldo's judgment, but before sale of the property under execution issued upon that judgment, and prior to the conveyance oy McCarran and wife to plaintiffs. In this case no declaration has ever been filed, and we have not the slightest doubt that the property is not exempt. The statute only exempts a homestead which has been selected according to its provisions. "The homestead * * * to be selected * * * shall not be subject to forced sale. * * * Said selection shall be made by either husband or wife, or both of them, * * * declaring their intention in writing to claim the same as a homestead."

The law does not compel any person to have his property become a statutory homestead, against his will, but it requires him to do certain things in order to enjoy its benefits.

Our first homestead statute (Laws of 1861, 24) provided that, the homestead should be "selected by the owner thereof." But neither the manner nor the time of doing so was definitely stated.

The third section provided, however, in case of a levy upon lands before the homestead had been selected and set apart, that the householder might notify the officer of what he regarded as his homestead, with a description thereof, and that the remainder, alone, should be subject to sale.

Under the California statute of 1851, similar to ours of 1861, the courts of that state held that the occupancy of the premises by the husband with his family, was presumptive evidence of selection and appropriation as a homestead; but under the statute of 1860, similar to ours now in force, which declared what acts should constitute a selection, the supreme court was of opinion that a person was not entitled to the benefits of the law without filing a written declaration claiming the premises as a homestead. (*Cohn* v. *Davis*, 20 Cal. 194. See also *McQuade* v. *Whaley*, 31 Id. 533.)

This court, on several occasions, has intimated the same conclusion. (*Hawthorne* v. *Smith*, 3 Nev. 189; *Estate of Walley*, 11 Id. 264; *Smith* v. *Stewart*, 13 Id. 70.)

In *Hawthorne* v. *Smith*, this court said: "As the law is totally silent as to the time when the selection shall be made of the homestead, * * * but simply says, that when selected it shall be exempt from forced sale, we are forced to the conclusion that, after the selection is made and filed for record, no levy upon, or sale of the homestead property, can be legally made, except for those classes of debts mentioned in the constitution." There was not the slightest intimation that the premises would have been exempt, if the declaration required by the statute had not been made and filed before the sale under execution. We are of opinion that the court below did not err in sustaining the demurrer, and the judgment is affirmed.