## BARBASH v. PITT

No. 2650

August 5, 1924.                227 Pac. 1018.

### ON MOTION TO DISMISS AND STRIKE

1. APPEAL AND ERROR—STATUTE PERMITS USE OF REPORTER'S TRANSCRIPT INSTEAD OF BILL OF EXCEPTIONS.

     Under Stats. 1923, c. 97, sec. 1, an appellant may have a bill of exceptions settled and allowed by judge or court. or by agreement of the parties, or use the reporter's transcript properly certified instead, and under supreme court rule 2 transcript of record on appeal may be filed any time within 30 days after appeal has been perfected and the bills of exceptions settled by the court.

2. APPEAL AND ERROR—MOTION TO DISMISS AND STRIKE, FILED TWO MONTHS AFTER TRANSCRIPT, IS TOO LATE.

     Motion to dismiss and to strike certain parts of the record more than two months after the transcript was filed, were too late, under Stats. 1923, c. 97, sec. 2, and objections included in the motion were waived by the delay in making the motion.

3. APPEAL AND ERROR—RESPONDENT HELD TO HAVE WAIVED IRREGULARITIES IN THE APPEAL.

     Where respondent's attorneys stipulated with appellant's attorneys for 20 days' additional time to file a reply brief. and obtained from a supreme court justice 20 days additional to prepare, file, and serve it, without reserving the right to move against the appeal, such action, and failure to promptly move for dismissal of the appeal, constituted waiver of objection to all errors, irregularities, or omissions in the appeal, not amounting to jurisdictional defeats.

4. EXCEPTIONS, BILL OF—STATUTE PERMITS ENLARGING TIME FOR FILING AND SERVING BILL OF EXCEPTIONS.

     Section 10 of an act relating to bills of exceptions. as amended by Stats. 1919, c. 40, is in pari materia with Stats. 1923, c. 97, and by virtue thereof the time allowed after decision on motion for new trial for filing and serving a bill of exceptions "may be enlarged upon good cause shown by the

court, any justice of the supreme court, judge, referee, or judicial official, or by stipulation of the parties."

5. EXCEPTIONS, BILL OF—FILING AND SERVICE OF REPORTER'S TRANSCRIPT AND STIPULATION FOR FURTHER TIME HELD TO CONFER JURISDICTION TO ALLOW BILL OF EXCEPTIONS.

Under Stats. 1919, c. 40, filing and service of reporter's transcript, and stipulation by counsel, before expiration of time to file and serve a bill of exceptions, giving appellants further time to file such bill, sufficed to give the lower court jurisdiction to file and allow the bill of exceptions.

See (1–4) 4 C. J. sec. 1808, p. 209, n. 21; sec. 1891, p. 282, n. 9 (new); sec. 1899, p. 288, n. 66; sec. 2195, p. 463, n. 33; sec. 2262, p. 503, n. 59 (new); sec. 2267, p. 507, n. 99; sec. 2398, p. 586, n. 71; sec. 2412, p. 596, n. 73; (5) 36 Cyc. p. 1147, n. 30.

APPEAL from Sixth Judicial District Court, Pershing County; *Geo. A. Bartlett,* Judge.

Action by Benjamin Barbash against W. C. Pitt and others, copartners doing business as Pitt-Taylor Syndicate. Judgment for plaintiff, and defendants appeal from the judgment and order denying motion for new trial. On motion to dismiss appeal and to strike. **Motion denied.**

*Booth B. Goodman,* for Appellants:

Defects and omissions in transcript or return may be either expressly or impliedly waived. 3 Cyc. 147.

Right to move to dismiss is waived if extension of time for filing brief is asked for and received. Miller v. Walser, 42 Nev. 497.

Certificate need not be framed in exact language of statute. It is sufficient if it affirms that all proceedings are included. 3 Cyc. 109.

Motion to dismiss sixty days after filing transcript is too late. Miller v. Walser, supra.

*Mack & Green,* for Respondent:

Record, and particularly bill of exceptions from order denying motion for new trial, was not filed within thirty days after appeal was perfected. Supreme court rule 2; 2 Rev. Laws, p. 1421.

Reporter's transcript may be filed in lieu of bill of

exceptions. Stats. 1923, 64. When transcript was filed it became bill of exceptions and should have been transmitted to this court within thirty days. Bill of exceptions was not filed here until four months after it appears to have been filed and five months after it was certified.

No errors or exceptions are specified in memorandum of errors under 7th subdivision of Rev. Laws, 5320, nor within twenty days after order denying motion for new trial as required by 1923 Stats. 163, sec. 1.

Certificate does not conform to statutes in that it does not certify that point or points involved are in record. Capurro v. Christensen, 209 Pac. 1045; Cochran v. Dodge, 204 Pac. 879; Rickey v. Douglas M. & M. Co. 204 Pac. 504; 205 Pac. 328.

Purported bill of exceptions does not contain pleadings, proceedings, bill of exceptions in chronological order and indexed as required by supreme court rule 4, subdivisions 1, 4 and 5. Various exhibits are missing. We waive lack of folio numbering.

## OPINION

By the Court, DUCKER, C. J.:

This is a motion to dismiss an appeal taken from the judgment and order denying the motion for a new trial, and to strike certain parts of the record. The grounds of the motion to dismiss are stated in the notice of motion substantially as follows:

"That the record on appeal was not filed in this court within 30 days after the appeal had been perfected and the bill of exceptions settled; that no memorandum of exceptions or errors was filed in the lower court on motion for a new trial as required by law; that the bill of exceptions from the order denying the motion for a new trial was not filed and served within 20 days after the entry of said order."

The motion to strike is directed to the several bills of exceptions appearing in the record, and is based upon the claim that the same have not been filed, served, settled, and certified as required by statute, and within

the time required thereby, and that the same do not contain the pleadings, proceedings, and are not chronologically arranged, prefaced with an alphabetical index specifying the folio numbers in any manner whatever, as required by rule 4 of the supreme court rules. The record before us contains a duly certified copy of the judgment roll, and annexed thereto is a transcript of the proceedings, evidence, and testimony, duly certified to by the court reporter pro tem. The transcript was filed in the lower court on October 16, 1923, and bears this indorsement:

"Oct. 16, 1923. The following bill of exceptions is hereby offered for settlement by the defendants. Booth B. Goodman, Attorney for Defendants."

It contains what purports to be a bill of exceptions on motion for a new trial, a bill of exceptions on motion for a continuance, and a bill of exceptions on motion for a modification of, and new findings of fact and conclusions of law, each certified to by the trial judge as having been allowed and settled on January 19, 1924. The appeal was perfected on September 14, 1923, and the foregoing transcript and copy of the judgment roll, constituting the transcript of record on appeal, was filed in this court on February 18, 1924.

1. Respondent contends that the transcript of the proceedings, evidence, and testimony certified to by the reporter constitutes a bill of exceptions by virtue of section 1 of "An act to regulate proceedings on motions for new trials and appeal in civil cases" (Stats. 1923, p. 163) ; that consequently the transcript of record on appeal should have been filed in this court not later than 30 days after the appeal had been perfected and the bill of exceptions settled, as provided for in rule 2 of the supreme court rules. This rule reads:

"The transcript of the record on appeal shall be filed within thirty (30) days after the appeal has been perfected and the statement settled, if there be one." 2 Rev. Laws, p. 1421.

The statute of 1923, supra, in section 1, provides:

"At any time after the filing of the complaint and not later than twenty (20) days after final judgment, or if a

motion be made for a new trial, then within twenty (20) days after the decision upon such motion, any party to an action or special proceeding may serve and file a bill of exceptions to such judgment or any ruling, decision, order, or action of the court, which bill of exceptions shall be settled and allowed by the judge or court, or by stipulation of the parties, by attaching thereto or inserting therein a certificate or stipulation to the effect that such bill of exceptions is correct, contains the substance of the proceedings relating to the point or points involved and has been settled and allowed, and when such bill of exceptions has been so settled and allowed it shall become a part of the record in such action or special proceeding. A transcript of the proceedings certified by the court reporter to be a full, true, and correct transcript thereof may be filed in lieu of such bill of exceptions and when so filed shall be and constitute the bill of exceptions without further stipulation or settlement by the court: Provided, however, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto."

We are of the opinion that it is plainly evident from the language of the section that it was intended to give an appellant the right to have a bill of exceptions settled and allowed by the judge or court, or by the agreement of the parties, or use the reporter's transcript properly certified instead. The indorsement of the attorney for appellants on the transcript shows that he intended to avail himself of one of the former methods, and the reporter's certificate on the transcript could not operate to deprive him of this right. An attorney may prefer one of the former methods, to avoid the possibility of delay which might be occasioned by the necessity of correction "on motion duly noticed." As the transcript of the record on appeal was filed within 30 days after the appeal had been perfected, and the bills of exceptions settled by the court, the motion to dismiss on this ground must be denied.

2.    We have gone thus far into the merits of the motion merely for the purpose of giving to the bar the

benefit of our opinion upon a new statute on procedure, for we think that all objections included in the motion have been waived by the conduct of respondent in recognizing the appeal and by not making a timely motion, except the objection that the bills of exceptions were not served and filed within the time required by law. As we have seen, the transcript of the record on appeal was filed in this court on February 18, 1924, but the notice of motion and motion to dismiss and strike were not filed until April 25, 1924, something over two months later. We do not regard this as timely. If dilatory motions to dismiss are recognized, a hearing on the merits may be unreasonably delayed thereby, for under section 2 of said statute:

"No appeal shall be dismissed by the supreme court for any defect or informality in the appellate proceedings until the appellant has been given an opportunity, upon such terms as shall be just, and within a reasonable time to be fixed by the court, to amend or correct such defect, and shall within such time have failed to comply with any terms imposed and correct the defect."

3. It appears that the attorneys for respondent applied to and obtained from the attorney for the appellants a stipulation giving them 20 days' additional time in which to file a reply brief, and thereafter applied to and obtained from a justice of this court an additional time of 20 days in which to prepare, file, and serve said brief, without making any reservation of right to move against the appeal. Their action in this regard, and their failure to promptly move for a dismissal of the appeal, constitute a waiver of objection to all errors, irregularities, or omissions in the appeal taken not amounting to a jurisdictional defect. Miller v. Walser, 42 Nev. 497, 181 Pac. 437. There are none of this latter character complained of, except that the bills of exceptions were not filed and served within 20 days after the decision on motion for a new trial was made, as required by section 1 of said act.

4, 5. Section 10 of an act relating to bills of exceptions (Stats. 1915, c. 142, as amended by Stats. 1919, p. 55) is in pari materia with the act of 1923, supra,

and by virtue thereof the time allowed after decision on motion for a new trial for filing and serving a bill of exceptions "may be enlarged upon good cause shown by the court, any justice of the supreme court, judge, referee, or judicial official, or by stipulation of the parties." It appears, as we have heretofore stated, that the reporter's transcript was filed October 16, 1923, and it was served on that date. It further appears from the affidavit of counsel for appellant, filed and admitted on the hearing of the motion to dismiss, that, before the time allowed by statute to file and serve a bill of exceptions had expired, counsel for respondent entered into a written stipulation with the former, giving appellants to and including the 20th day of October, 1923, in which to file and serve their bill of exceptions to the order of the court denying their motion for a new trial in the action, and that the time allowed by statute be extended accordingly. This was sufficient to give the lower court jurisdiction to settle and allow the bills of exceptions in this case.

The motion to dismiss and strike must be denied.

It is so ordered.

## ON THE MERITS

March 9, 1925.                          233 Pac. 844.

1. PARTNERSHIP—MEMBER OF TWO FIRMS MAY NOT DIRECT APPLICA-
   TION OF CHECK OF ONE ON DEBT OF OTHER.
      Plaintiff doing work on separate contracts, one with defend-
   ant, the other with another partnership, and receiving defend-
   ant's checks, could not credit them on the indebtedness of the
   other, rather than that of defendant, merely at direction of
   one who was a member of both firms, but was not shown
   authorized to so direct.

See 30 Cyc. p. 483, n. 62.

Action by Benjamin Barbash against W. C. Pitt and others, partners as Pitt-Taylor Syndicate. Judgment for plaintiff, new trial denied, and defendants appeal. **Reversed.**

*Booth B. Goodman,* for Appellants:

Plaintiff can succeed upon case made by his complaint

and not upon different one. His evidence must prove substance of issue tendered by his pleading or he will fail no matter what else he may prove. Bremmerman v. Jennings, 101 Ind. 253; 21 R. C. L. 609. Plaintiff cannot, against objection, recover upon theory essentially different from one alleged. Grentier v. Fehrenschield, 68 Pac. 619.

We had right to assume we were to defend upon account as stated. Our defenses were that charges were incorrect and payments credited were little more than half of payments actually made. To meet our defense respondent brings up account against third party, in no way interested in account sued upon, on ground Taylor, who was member of two distinct partnerships, did, and could legally, instruct assignor to credit money of appellants to debt of the other partnership. A partner has no such authority. 20 R. C. L. 884.

*Mack & Green,* for Respondent:

Uncontradicted testimony shows application of credits was directed by appellants so that work could be completed upon each separate contract so that money could be drawn from State as contracts were completed. Appellants had employed respondent's assignor directing him to keep separate account of work, which he did, and was paid by various parties' checks, giving credit as directed by manager of appellants. No objection to this was made until time of trial. So far as it was a matter of accounting, it was between defendants themselves.

Merely rendering an account is not enough to make it an account stated. 1 C. J. 680. The account is not conclusive, but is open to explanation for errors and omissions. Roberts Shoe Co. v. McKim, 34 Nev. 191.

After creditor has made application of the payment, it cannot be altered except by mutual consent. Where debtor receives account applying payments in certain way, he is estopped from thereafter questioning application made by creditor. 30 Cyc. 1239.

## OPINION

By the Court, SANDERS, J.:

This action was brought by the plaintiff as assignee of a claim of L. Little against W. C. Pitt, P. A. Quigley, A. L. Bachrodt, and D. B. Taylor, as the Pitt-Taylor Syndicate, to recover judgment in the sum of $4,094.84 for services performed by Little in hauling gravel, sand, cement, and other supplies for the defendants to be used by them upon what is known as contract No. 29A, on the Carson-Reno highway. The defendants filed their answer to the complaint admitting that they executed the contract mentioned; that Little rendered certain trucking services in hauling supplies, but denied that services were rendered to the extent and of the value claimed; and allege that Little was fully paid for all of the services rendered.

Defendants pleaded affirmatively that at a date mentioned an account was stated between the parties whereby it was found that the defendants were indebted to Little in the sum of $870.65, and that that sum was paid to and accepted by Little in full settlement of the amount due from the defendants.

The case was tried to the court without a jury. Findings of fact were made and judgment rendered favorable to the plaintiff. A motion for a new trial having been denied, the defendants have appealed. Numerous errors are assigned, but we do not deem it necessary to consider each of them.

The evidence in this case has reference to three separate contracts with the state for the construction of portions of highway. One of these contracts is the one already mentioned, another is referred to as the "Lakeview" contract, and the third is designated as the "Lovelock" contract. The Lovelock contract was performed by the Valley Construction Company, which was composed of one Barber and D. B. Taylor. Though this contract was entered into between the state highway department and defendant P. A. Quigley, it appears from a contract in the record that he did so in behalf of

the Valley Construction Company, and that he had absolutely no interest in the contract, and that it was assigned to them. D. B. Taylor, who was one of the members of the Valley Construction Company and its manager, was also a member of the Pitt-Taylor Syndicate and for quite a period and until some time in 1921 was its manager. It also appears that several checks were drawn by the Pitt-Taylor Syndicate payable to Little, which he cashed and credited to his claim for services rendered to the Valley Construction Company upon its Lovelock contract. It is contended upon the part of the defendants that these payments should have been credited to them instead of to the Valley Construction Company. If this contention is correct, it is clear that the judgment must be reversed.

Little testified that when Mr. Taylor asked him to go to Lovelock to look over the situation there with a view of performing services in connection with the completion of the Lovelock contract, he knew that that contract was held by the Valley Construction Company, but that he did not know who composed that company. He further testified that the payments made by the checks of the Pitt-Taylor Syndicate, and which were credited to his claim against the Valley Construction Company, were so credited pursuant to instructions from Mr. Taylor. Page 69 of the record shows that Little testified that it appeared from sheet 2 that five Pitt-Taylor Syndicate checks were listed in a certain way according to instructions from Taylor. He then testified:

"Q. Then the checks are not correctly listed, are they, Mr. Little? A. They are listed according to the way I was instructed to list them by Mr. Taylor.

"Q. You were instructed to list them by Mr. Taylor? A. Yes, sir.

"Q. Why did you fail to list them in that manner on the statement you rendered to the Pitt-Taylor Syndicate in September, even, in 1921? A. Because I went back— when I had a conversation with Mr. Taylor and he told me to go back and change my records.

"Q. Oh, then you changed your records after September, 1921; is that correct? A. I don't know just when it was."

Though Mr. Taylor was a party defendant in the action, he did not appear at the trial and testify and was out of the state. No one testified that he had any authority to authorize Little to credit the Pitt-Taylor Syndicate checks to the Valley Construction Company indebtedness. The witnesses on the part of the defendants testified positively that there was no authorization for such action, and that they did not know it was being done. This evidence is borne out by the fact that when a statement was rendered by Little to the Pitt-Taylor Syndicate in September, 1921, he changed his own records. There is not a particle of evidence in the record of any authorization on the part of the Pitt-Taylor Syndicate to credit their money to the payment of the debt of another—Valley Construction Company.

We are clearly of the opinion that the trial court erred in not giving the defendants full credit for all payments made by them. For this reason the judgment and order must be reversed. We need not consider other alleged errors.

Judgment reversed.

## ON COSTS

June 17, 1925.                          236 Pac. 1101.

1. COSTS—EXPENSE OF TRANSCRIBING TESTIMONY USED ON APPEAL PROPER ITEM OF "COSTS."
    Under Supreme Court rule 6, sec. 1, amount paid court reporter for typing testimony used in transcript on appeal is proper item of "costs."

See 15 C. J. sec. 321, p. 140, n. 91.

From a ruling of the clerk of the supreme court, disallowing item of costs, defendants appeal. **Reversed.**

## OPINION

By the Court, SANDERS, J.:

This is an appeal from a ruling or decision of the clerk of this court upon an item of costs.

It appears that appellants, the prevailing parties on their appeal, presented to the clerk a duly certified cost bill for his approval and allowance. The item objected to and sustained by the clerk is as follows:

"Paid to Lew Rogers, court reporter, for typing transcript testimony of proceedings used in the transcript on appeal, $276.31."

The clerk ruled that the item was not a proper item of costs authorized by section 1 of rule 6 of the supreme court rules. We are not in accord with this ruling. The rule itself furnishes a sufficient answer to the objection to the allowance of the item. Section 1 provides as follows:

"The expense of printing or typewriting transcripts * * * on appeal in civil causes * * * shall be allowed as costs, and taxed in bills of costs in the usual mode. * * * "

No sufficient reason appears why appellants should not be allowed the expense of transcribing the testimony upon which their appeal was based, and which was actually used on appeal.

The clerk's decision is reversed.