NEIL A. McGILL AND MRS. OZELIO E. McGILL, HUSBAND AND WIFE, APPELLANTS, v. FRANCIS E. LEWIS, RESPONDENT.

No. 3329

March 21, 1941.                              111 P. (2d) 537.

*C. J. McFadden,* of Ely, and *A. J. Maestretti,* of Reno, for Appellants.

*Robert R. Gill,* of Ely, for Respondent.

## OPINION

By the Court, ORR, J.:

Respondent has moved this court for an order striking from its records and files:

(A) The transcript of proceedings certified by the official reporter, filed in the trial court on November 26, 1940, and filed herein on December 24, 1940;

(B) The whole of the file of papers without formal title, referred to as the transcript of record on appeal;

(C) The following entitled papers embodied in the so-called transcript of record on appeal, at the pages thereof hereinbelow indicated:

| Title of paper | Pages of record |
|---|---|
| 1. Stipulations | 8, 9 |
| 2. Notice of Motion to Strike | 46–49 |
| 3. Application for Order to Show Cause, etc. | 50–55 |
| 4. Order to Show Cause and Temporary Order | 56–58 |
| 5. Undertaking on Issuance of Temporary Restraining Order | 59–60 |

| Title of paper | Pages of record |
|---|---|
| 6. Assignment of Cause | 66 |
| 7. Plaintiff's Exhibit "A" (on trial) | 67–68 |
| 8. Defendant's Exhibit 2 (on trial) | 69 |
| 9. Defendant's Exhibit 3 (on trial) | 70–71 |
| 10. Defendant's Exhibit 4 (on trial) | 72–75 |
| 11. Decision | 76–83 |
| 12. Memorandum of Defendant's Costs and Disbursements | 84 |
| 13. Notice of Decision | 85 |
| 14. Notice of Intention to Move for a New Trial | 95 |
| 15. Affidavit in Support of Motion for a New Trial | 96–98 |
| 16. Plaintiff's Exhibit "A" (on Motion for New Trial) | 99 |
| 17. Notice of Filing Counter-Affidavit in Opposition to Plaintiff's Motion for New Trial | 100 |
| 18. Counter-Affidavit in Opposition to Plaintiff's Motion for New Trial | 101–104 |
| 19. Stipulations | 105–106 |
| 20. So-called Memorandum of Exceptions | 107–110 |
| 21. Notice of Making and Entry in Minutes of Court of Order Refusing New Trial | 111 |
| 22. Minute Entry of Order Denying Motion for New Trial | 122 |

The motion to strike the transcript of proceedings certified by the court reporter is based upon the ground that the said transcript, which was intended as a bill of exceptions, was not filed within twenty days after service of written notice of the decision upon motion for new trial, said time not having been enlarged by stipulation or order of the court.

■ The judgment in the above-entitled action was entered in the lower court on the 5th day of June 1940; a motion for new trial was thereafter made, and an order entered denying the same on September 30, 1940. The notice of the denial of said motion for new trial was served on appellant on October 19, 1940. The transcript of proceedings intended as a bill of exceptions

was served upon respondent on November 26, 1940, more than twenty days after the entry of judgment and more than twenty days after the notice of decision on motion for new trial. Appellants failed to comply with the requirements of section 31 of the new trials and appeals act, Statutes of Nevada 1937, c. 32, p. 63. Section 36 of said act provides: "If a party shall omit or fail to serve and file his bill of exceptions within the time limited he shall be deemed to have waived his right thereto." In a number of decisions this court has held this requirement to be mandatory, and that unless a bill of exceptions is served and filed within twenty days, providing the time has not been extended by stipulation or order of the court, the bill of exceptions will be stricken upon proper motion. Markwell v. Gray, 50 Nev. 427, 265 P. 705; Joudas v. Squire, 50 Nev. 42, 249 P. 1068; Water Co. v. Tonopah Belmont Dev. Co., 49 Nev. 172, 241 P. 1079; McGuire v. Ehrlich, 49 Nev. 319, 245 P. 703; Bowers v. Charleston Hill National Mines, Inc., 50 Nev. 99, 251 P. 721, 256 P. 1058.

Appellants assert they proceeded under paragraph 2 of section 10 of the new trials and appeals act, found at page 56, Statutes of Nevada 1937, and that they perfected their appeal within the sixty days allowed by said section. This is quite true, but the section has no application to the questions raised by the motion. The appeal was perfected within the time, but not having filed and served a bill of exceptions within the twenty days, appellants cannot rely on it, being deemed to have waived their right thereto. Said bill of exceptions, being filed out of time, has no place in the record, and it is ordered stricken.

Without a bill of exceptions, the appeal is left upon the judgment roll alone.

Respondent has moved to strike a number of papers appearing in the judgment roll which are not a proper part thereof. Section 8829 N. C. L. 1929 provides what shall constitute the judgment roll in civil cases, and an inspection of said section discloses that

the papers referred to by respondent in his motion to strike, under paragraph (C), and enumerated on pages 1 and 2 hereof, as pages 8 to 95 of the record, have no place in the judgment roll, and they are ordered stricken therefrom. Those papers enumerated on page 2 of this opinion and appearing on pages 95 to 122 of the record are annexed to the judgment roll, but have no proper place there and are also ordered stricken.

■ Under subdivision (B) of the motion the most this court would do would be to order a compliance with rule XIII, subdivision 3. Lovelock Lands, Inc., v. Lovelock Land & Development Co., 54 Nev. 1, at page 8, 2 P.(2d) 126, 7 P.(2d) 593, 12 P.(2d) 339. Inasmuch as the record has been reduced to the judgment roll alone, we think no useful purpose would be served by such an order.

■ The discretion we have exercised here demonstrates the difference in the mandatory character of the action directed by section 36 of the 1937 statute, supra, relative to failure to file a bill of exceptions within the time specified, and the latitude allowed the court by rule XIII, subdivision 3. In the one the court can follow its announced policy of permitting an appeal to be heard on the merits wherever possible; in the other the quoted statute has prescribed the penalty for failure to comply with outlined procedure.

■ Appellants call attention to the stipulation entered into by respective counsel permitting appellants fifteen days after decision on their motion to file and serve their opening brief, and contends that by so stipulating respondent waived all objections to defects in the record. The stipulation is for the sole benefit of appellants, a different situation than appears in the case of Barbash v. Pitt, 48 Nev. 108, at page 113, 227 P. 1018, 233 P. 844, 236 P. 1101.

■ Respondent has also filed a motion to dismiss the appeal on the ground that without a bill of exceptions the appeal is upon the judgment roll alone, which limits the consideration of errors to those appearing on the

face thereof, and that no error there appears. This question should be left for determination upon the hearing of the appeal proper. The motion to dismiss is denied.

## ON THE MERITS

August 30, 1941.                                116 P. (2d) 581.

*C. J. McFadden,* of Ely, and *A. J. Maestretti,* of Reno, for Appellants.

*R. R. Gill,* of Ely, for Respondent.

## OPINION

By the Court, TABER, J.:

In July 1938 an action on a promissory note was commenced by respondent against appellant Neil A. McGill in the Seventh judicial district court, White Pine County. In that action an attachment was levied on certain real property in the city of Ely. Upon default of said appellant, respondent recovered a money judgment in said action and thereafter execution was levied on said property, which was noticed to be sold by the sheriff on January 18, 1939.

On January 16, 1939, appellants filed for record with the county recorder of White Pine County their declaration of homestead which, exclusive of the acknowledgment, reads as follows: "Be it known that we, Neil A. McGill and Ozello McGill do hereby declare that they are husband and wife, and are married, and at the time of making this declaration, are the owners as a home of the premises hereinafter described, and that it is their intention to use and claim the same as a homestead. The premises so claimed by us are the real property situate in the county of White Pine, State of Nevada, and described as follows: The south thirty-seven and one-half feet of lot nine, Block two, City of Ely, White Pine County, Nevada. Together with the dwelling house thereupon and appurtenances. That we estimate the cash value of the said premises to be five hundred dollars. In witness whereof, we have hereunto set our hands this 12th day of January, 1939. Neil A. McGill. Ozello E. McGill."

The property described in said declaration of homestead is the same as that attached, and upon which execution was levied, in the promissory note case. Though notified of the filing of said declaration the sheriff proceeded to sell the said premises to respondent herein, who was plaintiff in said promissory note action. Thereafter appellants, claiming said property as a homestead, commenced the present action in said district court, praying for the restitution of said premises and for other relief. After issue joined, the cause was tried and judgment rendered and entered for the defendant (respondent on this appeal). A motion for new trial was denied, and this appeal is from said judgment and order denying a new trial.

■ As the record now stands the court is limited to a consideration of the judgment roll alone, the bill of exceptions, as well as a number of papers improperly included in the judgment roll, having heretofore been stricken. McGill et ux. v. Lewis, 61 Nev. 28, 111 P. (2d) 537.

Section 30 of article IV of the constitution of Nevada reads: "A homestead, as provided by law, shall be exempt from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife when that relation exists; but no property shall be exempt from sale for taxes or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon; provided, the provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife, and laws shall be enacted providing for the recording of such homestead within the county in which the same shall be situated."

In 1865 the legislature of this state passed the homestead exemption act. Stats. of Nev., 1865, chap. LXXII, pp. 225–227. Sections 1 and 4 of the act were amended in 1879. Stats. of Nev., 1879, chap. CXXXI, pp. 140, 141. The act, as amended, will be found in 2 N. C. L.,

1929, secs. 3315–3323. Section 1, as amended in 1879, reads in part as follows: "The homestead, consisting of a quantity of land, together with the dwelling house thereon and its appurtenances, not exceeding in value five thousand dollars, to be selected by the husband and wife, or either of them, or other head of a family, shall not be subject to forced sale on execution, or any final process from any court, for any debt or liability contracted or incurred after November thirteenth, in the year of our Lord one thousand eight hundred and sixtyone, except process to enforce the payment of the purchase money for such premises, or for improvements made thereon, or for legal taxes imposed thereon, or for the payment of any mortgage thereon, executed and given by both husband and wife, when that relation exists. Said selection shall be made by either the husband or wife or both of them, or other head of a family, declaring their intention in writing to claim the same as a homestead. Said declaration shall state when made by a married person or persons that they or either of them are married, or if not married, that he or she is the head of a family, and they or either of them, as the case may be, are, at the time of making such declaration, residing with their family, or with the person or persons under their care and maintenance, on the premises, particularly describing said premises, and that it is their intention to use and claim the same as a homestead. * * *"

█ Appellants' declaration of homestead states that they "are the owners as a home of the premises hereinafter described, and that it is their intention to use and claim the same as a homestead." It is plain that this language does not comply with the requirements of that part of sec. 3315 N. C. L. 1929 which provides that the declaration of homestead "shall state" that the husband and wife are, at the time of making the declaration, residing with their family on the premises. Appellants contend, however, that the failure in this respect to comply with the statute cannot operate to

38

-deprive them of their constitutional homestead rights; that the provisions of section 1 of the homestead act of 1865 should be liberally, not strictly, construed; that although they were not actually occupying the premises at the time their declaration was filed, it was still their real home and residence, and that they were only temporarily absent therefrom in another part of the state, by reason of the fact that Mr. McGill had secured desirable employment at Reno, and their son was attending the University of Nevada located there; that while appellants rented the premises to a third party, this was to be during their temporary absence only, and that they had at no time abandoned or intended to abandon the property as their residence and home, but on the contrary, always claimed it as their home from the time they first acquired ownership of it, and that they intended to return there to live if Mr. McGill should lose his position as grazing engineer for the United States government at Reno.

■ To secure the benefits of the constitutional and statutory provisions exempting the homestead from forced sale under process of law (with certain exceptions not here pertinent), it is necessary that a declaration of homestead be filed for record as provided in sec. 3315 N. C. L. 1929. Lachman v. Walker, 15 Nev. 422. The case last cited was not overruled in First National Bank of Ely v. Meyers, 39 Nev. 235, 150 P. 308; Id., 40 Nev. 284, 161 P. 929. In that case, it is true, no declaration for homestead was filed for record, but the question before the court was not as to the exemption of the homestead from forced sale; it was whether the husband alone could mortgage the homestead occupied by him and his family. The conclusion arrived at by the court, namely, that the mortgage was ineffective unless executed by both husband and wife, was based upon a provision in section 6 of the act defining the rights of husband and wife, as amended in 1897, that "no deed of conveyance or mortgage of a homestead as now defined by law, regardless of whether

a declaration thereof has been filed or not, shall be valid for any purpose whatever unless both the husband and wife execute and acknowledge the same as now provided by law for the conveyance of real estate." Stats. of Nev. 1897, chap. XX, p. 24, sec. 3360 N. C. L. 1929.

■ If this court had not been compelled by the provisions of the new trials and appeals act to strike the bill of exceptions and other papers from the record on appeal (McGill et ux. v. Lewis, supra), we would now have to consider whether, at the time of making their declaration of homestead, appellants were residing on the premises with their family, and if so, whether the failure of said declaration to state that at said time they were so residing on the premises with their family would of itself be fatal to their claim of exemption of the homestead from sale on execution in the promissory note case. But all that the judgment roll shows regarding residence is the allegation in the amended complaint that plaintiffs (appellants) "are now and have been residents of the City of Ely, County of White Pine, State of Nevada"; the express denial of said allegation in defendant's answer; the declaration of homestead; the allegation in the cross-complaint that "plaintiffs and cross-defendants were formerly residents of said County (White Pine), but for some years last past have resided elsewhere in the State of Nevada"; the finding of fact that "it is not true that plaintiffs are now residents of the City of Ely, County of White Pine, State of Nevada"; and the finding of fact that, as alleged in said cross-complaint, plaintiffs and cross-defendants (appellants) were formerly residents of said county (White Pine), but for some years last past have resided somewhere else in the State of Nevada.

In the judgment roll, there is nothing relating to the temporary absence of appellants from the homestead by reason of Mr. McGill's employment in Reno and the attendance of their son at the University of Nevada in that city. As the record stands, therefore, there is not

only a failure to even substantially comply with that provision of the statute requiring the declaration of homestead to state that appellants were residing with their family on the premises at the time of making said declaration, but also a failure to show that at said time they were in fact residing on the premises; on the contrary, the record shows that at said time they were not residents of White Pine County.

This court agrees with appellants that our constitutional and statutory provisions relating to homesteads should be liberally construed, but the rule of liberal construction can be applied only where there is a substantial compliance with those provisions

There is an article in vol. 26 of the California Law Review, pp. 241–250, which regards some of the holdings of the California courts concerning homesteads as being too strict, but the article recognizes that "it is within the spirit of the law to require actual bona fide residence at the time of filing the declaration."

The judgment and order appealed from are affirmed.

## ON PETITION FOR REHEARING

November 10, 1941.                    118 P. (2d) 702.

For former opinion, see 61 Nev. 34, 116 P. (2d)ᵛ 581.

*Gordon W. Rice,* of Reno, for Appellants.

*R. R. Gill,* of Ely, for Respondent.

## OPINION

By the Court, TABER, J.:

In their petition for rehearing appellants stress the fact that the judgment in the promissory note case was against the husband alone. This point was not urged in the briefs on appeal. It may further be observed that in Lachman v. Walker, 15 Nev. 422, the judgment, as here, was against the husband only.

■■ . But appellants insist that the rule in Lachman v. Walker, supra, is no longer the law of this state. We are referred to secs. 3360, 8844, and 9700 N. C. L. 1929, and sec. 112 of the 1941 act concerning the estates of deceased persons, Statutes of Nevada 1941, ch. 107, p. 186. With reference to said sec. 3360 N. C. L. it is sufficient to say that the words "no deed of conveyance" used therein do not include in their meaning a sheriff's deed made pursuant to sale on execution. The three other sections were not mentioned at all in the briefs on appeal. Contentions not advanced on the original hearing will not be considered on petition for rehearing.

In the foreword to the petition for rehearing it is stated that the decision of this court is based on the failure of appellant's declaration of homestead to state that they were residing on the premises with their family at the time it was filed. The fact is, as expressly stated in the original opinion, that besides the failure of appellants to even substantially comply with one of the provisions of sec. 3315 N. C. L. 1929, the record affirmatively shows that they were not in fact residents of White Pine County when their declaration was filed.

If the record does not disclose the real truth in this regard, it is not, as we pointed out in our previous opinion, the fault of this court.

■ Counsel cites two Nevada cases in support of his statement that findings of fact are no part of the judgment roll. Such was the law when those cases were decided; but the statute has been changed, and for many years last past it has been, and is now, the law of this state, that the findings of fact constitute a part of the judgment roll. Section 8829 N. C. L. 1929; Hartford Mining Co. v. Home Lumber & Coal Co., 61 Nev. 17, 107 P. (2d) 132, 133.

The petition for rehearing is denied.