I. H. KENT COMPANY and First National Bank of Nevada, Appellants,

v.

Harry A. BUSSCHER, Trustee in Bankruptcy of the Estate of Boyce H. Miller, Appellee.

No. 16227.

United States Court of Appeals Ninth Circuit.

March 21, 1960.

Vargas, Dillon & Bartlett, Alex A. Garroway, Stewart, Horton & Campbell, Reno, Nev., for appellants.

William L. Hammersmith, Reno, Nev., for appellee.

Before STEPHENS, POPE and HAMLIN, Circuit Judges.

STEPHENS, Circuit Judge.

Within four months of the bankruptcy of Boyce H. Miller, he and his wife signed and delivered an instrument in writing which, on its face, purported to convey certain real property situate in the State of Nevada to the First National Bank of Nevada, in trust for the I. H. Kent Company, a corporation, as security for a note given for an antecedent debt. Hereinafter, we shall generally refer to the beneficiary of the instrument as Kent and to the trustee as Bank.

The granting clause is as follows:

"Witnesseth: That said Trustor hereby grants, conveys and confirms unto said Trustee in trust with power of sale, the following-described real property situate in the City of Fallon, County of Churchill, State of Nevada, to wit:

"Lot One (1) of Block Two (2) of Walker Subdivision of the City of Fallon, according to the map and plat thereof filed in the Office of the County, Recorder of Churchill County, Nevada as File No. 55141 therein.

"Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and also, all the estate, right, title and interest, homestead or other claim or demand, as well in law as in equity, which the Trustor now has or may hereafter acquire, of, in or to the said premises or any part thereof, with the appurtenances."

At the date of the trust deed, Kent knew that Boyce Miller was insolvent, and had been adjudged a bankrupt.

Neither Miller nor his wife have taken any step toward selecting or declaring a homestead although they were, prior to the date of the trust deed, fully qualified to make the constitutional and statutory declaration. Miller did not file a claim of homestead with his schedule presented to the Referee.

It is the theory of Kent and Bank that the mention in the trust deed of "homestead" as above related is in fact and effect, an assignment to them of the right to declare a homestead in the name of the Millers, on the real property described in the trust deed, and each of them has filed such a declaration.

It is stipulated that there is a valid and existing First Deed of Trust as to

one portion of the property and a further valid First Deed of Trust on the remaining portion of said property; that the total indebtedness under the above Deeds of Trust, together with the amount of exemption allowed by law, exceeds the value of the property. There is no equity above the valid Deeds of Trust and the homestead exemption.

The Trustee in Bankruptcy brought this action to have the deed to Bank in trust for Kent declared void and set aside upon the ground "That the effect of such attempted transfer was to enable the said defendants [appellants here] Kent and Bank, to obtain a greater percentage of their debt than other creditors of the same class."

The Court concluded "That the Deed of Trust * * * is a voidable, preferential transfer under Section 96(a) (1) and (b) of the Bankruptcy Act [11 U.S. C.A. § 96, subs. a(1), b]; that said Deed of Trust is void and of no force and effect."

And in effect, that the so-called assignment by the bankrupt and his wife, Helen R. Miller, of undeclared homestead rights contained in the deed of trust above mentioned, is a right personal to the bankrupt and his wife, and creates no right in anyone else to act under such right or privilege. The Court declared the trust deed invalid and void, and of no force and effect. Judgment was entered accordingly.

The Bank and Kent are appealing.

■ The Constitution of Nevada provides (Article IV, Section 30):

"A homestead as provided by law, shall be exempt from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife when that relation exists; * * *" (Then follows exceptions not relevant here.)

Section 115.010 Nevada Revised Statutes provides:

"The homestead, consisting of a quantity of land, together with the dwelling house thereon and its ap-

purtenances, not exceeding $10,000, to be selected by the husband and wife, or either of them, or other head of a family, shall not be subject to forced sale on execution, or any final process from any court, for debt or liability contracted or incurred after November 13, 1861 * * *"

The Court based its conclusions upon the above, set out in quotations from the Nevada State Constitution and statutes and case law. We agree with the trial court that the right of homestead is a personal one created to protect the home and is completely inactive until activated by a husband and wife or by either or by the head of a family. It is nothing but an inchoate right that springs into effectiveness only by the application or declaration of those named and in no other manner. Therefore, the action of the bank-trustee and Kent in their attempt to establish a homestead for the Millers, and through this method remove the Miller property from the bankruptcy estate as exempt property, must fail. The property therefore remains in the estate, and since the conveyance was made less than four months before bankruptcy adjudication for an existing antecedent debt the conveyance cannot be effective to constitute a secured debt with preference over other debts.

■ It is appropriate here to add that both Bank and Kent claim that they were acting as agents of the Millers in their attempt to declare and fix upon the property a homestead exemption. We know of no authority supporting this claimed right, and the transcript is devoid of authority from Millers granting such an agency. And it may be proper to here repeat that all the Millers did by passing the conveyance was to constitute the property as security for the debt free from the exercise of the Millers' right to impress a homestead over such security. Collier on Bankruptcy, Section 6.10, page 824 contains the following:

"The principle that a debtor may waive his exemption is well settled. And a waiver may arise either from the bankrupt's failure to claim ex-

emptions or by general or specific surrender of them. If the latter, the common method is by waiver note, * * *. In the case of a specific waiver, the waiver is personal to the creditor thus favored, and, if not asserted by him, inures to the benefit of the bankrupt."

There being no fraud alleged or proved, it follows that while the trust deed may be perfectly legal between the parties, the effect of the homestead provision therein, whether it be referred to as an assignment, abandonment or a waiver, simply acts to protect Kent against the contingency of having his security reduced materially by a homestead exemption on the property.

Appellants cite Schloss v. Unsell, 114 Kan. 69, 216 P. 1091 apparently for authority that the mention of the subject homestead was an assignment or an effective transfer of the unused right of homestead with power to use as the owners of the real property. We think no such right is subject to assignment and the very basis and policy of a family exemption by homestead refutes it. Neither Bank nor Kent could ever acquire the right to a homestead because neither could attain the required status. The cited case is not contra for it speaks of a waiver by the owner of his homestead rights and the subject document was timely made.

Appellants cite Dunker v. Chedic, 4 Nev. 378. This case merely applies the well-known settled question that property under a valid homestead may be alienated.

The case of Baumbaugh v. Los Angeles Morris Plan Co., 9 Cir., 30 F.2d 816 (page 10 of Appellants' Brief) concerns a chattel mortgage, and we can use no more apt language to it than that used in Appellee's Brief, page 9 as follows:

"The property involved in that particular case was personal property and the document transferring the property, or securing the property, was a chattel mortgage. We respectfully submit that there is a distinction between real property which is subject to homestead, and personal property which is exempt pursuant to the laws of the state. Personal property is exempt by operation of law, whereas under the homestead laws the property is not exempt by operation of law, and requires something further to be done, * * *."

"* * * in the Bambough [Baumbaugh] case, the property covered by the chattel mortgage in that case was, by the laws of California, exempt from execution; * * *."

The Gylling v. Kjergaard, 8 Cir., 293 F. 676, an Iowa case, concerns a chattel mortgage and involves a stipulation. Kronstadt v. Citizens & So. Nat. Bank, 5 Cir., 80 F.2d 260 also is a chattel case under law of Georgia, foreign to any Nevada law. The case is not in point.

In re National Grocer Company, 7 Cir., 181 F. 33, 30 L.R.A.,N.S., 982, a Michigan case, (a chattel mortgage case and statutory exemption). The Michigan law specifically authorizes the selection of exemptions to be made by the debtor or his authorized agent. There is no such provision in Nevada law.

Negin v. Salomon, 2 Cir., 151 F.2d 112, 113, 161 A.L.R. 1005, arising under New York law, is not a preference case and concerns a retirement fund. This case is not in point in support of appellants' contentions. The following is quoted from the opinion:

"It is true that, if a bankrupt transfers exempt property to a creditor under circumstances in which the Bankruptcy Act would invalidate the transfer of non-exempt property, the property transferred will be administered as part of his assets in bankruptcy, notwithstanding the exemption."

First National Bank of Cleveland v. Orten, 43 Okl. 325, 142 P. 1096, Insurance money received from home burning can be paid to owner when owner did not know payee was insolvent.

In re Ziff, D.C., 225 F. 323. There is no question in this case as to the right of a purported transferee to the undeclared homestead rights of a transferor.

McGill v. Lewis, 61 Nev. 28, 111 P.2d 537, 116 P.2d 581, 118 P.2d 702.

"To secure the benefits of the constitutional and statutory provisions exempting the homestead from forced sale under process of law, it is necessary that a declaration of homestead be filed of record as provided in Section 3315 N.C.L. 1929. Lockman [Lachman] v. Walker, 15 Nev. 422."

Citing Lachman v. Walker, supra:

"In this case no declaration has ever been filed, and we have not the sightest doubt that the property is not exempt."

"The law does not compel any person to have his property become a statutory homestead, against his will, but it requires him to do certain things in order to enjoy its benefits."

See also Hawthorne v. Smith, 3 Nev. 182.

In re Anderson, D.C., 11 F.2d 380. This case is not in point. The declaration of homestead was not good because the requirements were not substantially complied with.

Myers v. Matley, 318 U.S. 622, 63 S. Ct. 780, 87 L.Ed. 1043, is not in point.

Adams v. Baker, 24 Nev. 162, 51 P. 252, is not in point.

■■ The order we are here reviewing holds the trust deed void and directs that all of the so-called Miller property be surrendered to the Trustee as assets of the bankrupt estate.

■ We think the order goes too far in two particulars. The order should be limited to the interest of the bankrupt in the property. The record does not disclose whether Mrs. Miller had any interest in the property. She should be given notice of the proceedings and should be given time after notice to claim or disclaim such interest therein. And, of course, whatever interest, if any she had, has passed under the trust deed to the grantee thereof. It must be remembered that she is not a party to the bankruptcy proceedings nor to this action, and is not a bankrupt. She is however, a party to the trust deed.

The order also should be so drawn as not to indicate on its face that the trust deed is void as between the parties to it.

The proceeding is remanded with instruction to cure the defects mentioned, and when that is done, the Court's orders will be affirmed.