Kercheval and Julian *v.* McKenney.

---

A. F. KERCHEVAL and E. JULIAN, Appellants, *v.* C. M. McKENNEY, Respondent.

Affidavit for Change of Venue. An affidavit for change of venue that affiant "verily believes, and so says, that the convenience of witnesses and the ends of justice would be promoted by the change of the place of trial," etc., states mere conclusions, and not facts, and is clearly insufficient.

Damages on Appeal for Delay. Where an appeal, devoid of merit, appears to have been made, for delay, damages in addition to costs will be imposed.

Appeal from the District Court of the Seventh Judicial District, Nye County.

Kercheval and Julian *v.* McKenney.

The action was replevin for twelve oxen, six yokes, six log chains and two wagons, alleged to be of the value of twelve hundred dollars. The property was seized by the Sheriff, on March 24th, 1868, and the defendant being unable to give an undertaking for a return of it, was in a few days afterwards delivered to the plaintiffs. Defendant filed an answer denying the allegations of the complaint, and averring ownership in himself.

It appears that the undertaking on replevin was not signed by the sureties named in it, and on April 16th, 1868, plaintiffs, who still retained possession of the property, moved to dismiss the auxiliary proceedings on that ground. On April 20th, when that motion came up for hearing, plaintiffs moved for a continuance of the action, which, though resisted by defendant, was granted until May 4th, 1868. On April 22d the motion to dismiss the auxiliary proceedings was granted; notwithstanding which plaintiffs refused to return the property. On May 4th the cause was, by consent, set for trial (and no jury called for) on May 9th, on which day plaintiffs moved for a continuance, on the ground of the absence of a material witness. Defendant admitting that the witness would swear to what plaintiff Kercheval deposed he would swear to, the motion for continuance was denied. Then plaintiffs demanded a jury, and a venire was issued, returnable on May 11th, on which day, defendant desiring to amend his answer, the trial was by consent fixed for June 9th, 1868. On June 4th, 1868, a motion for a change of the place of trial from Nye County to Lander County, based upon the affidavit of plaintiff Kercheval noticed in the opinion, was made by plaintiffs, which, coming up for hearing on the day the trial was fixed for, was denied without argument, and the plaintiffs immediately took this appeal.

*Wren and Croyland* and *E. C. Brearley*, for Appellants.

*Thomas Fitch*, for Respondent.

By the Court, JOHNSON, J.

The appellants—plaintiffs in the Court below—brought an action in Nye County, and afterwards moved to change the place of trial to the County of Lander, in another district. The only showing

made in support of the motion, was contained in the affidavit of one of the plaintiffs: " That he verily believes, and so says, that the convenience of witnesses and the ends of justice would be promoted by the change of the place of trial of the cause from Nye County to Lander County." The motion was denied, and this appeal comes up from such order under the provisions of Sec. 274 of the Civil Practice Act, as amended in 1864. The affidavit was clearly insufficient to warrant the Court in changing the venue. The *facts*, and not the mere conclusions of the affiant, should have been stated, so as to enable the Court to judge whether the convenience of witnesses and the ends of justice would be promoted by changing the venue. The Court properly overruled the application.

The appeal is utterly devoid of merit, and from the circumstances of the case, as it is presented by the affidavits submitted on behalf of respondent, we are strongly impressed with the belief that the appeal was made for delay, and, therefore, the respondent is entitled to damages in addition to the costs of this appeal.

It is adjudged that the order of the Court below be affirmed, with costs, and in addition thereto, damages against appellants in the sum of fifty dollars.

BEATTY, C. J., not having heard the case, did not participate in the above decision.