[No. 1974]

## P. PARONI, RESPONDENT, *v.* G. B. SIMONSEN, APPELLANT.

1. APPEAL AND ERROR—FAILURE TO APPEAL IN TIME—DISMISSAL.
   An appeal not taken within one year after rendition of judgment must be dismissed.
2. COSTS—APPEAL AND ERROR—DAMAGES FOR DELAY.
   Damages for appealing for delay, authorized by Comp. Laws, 3434, are properly assessed on dismissal for failure to appeal in time, where appellant waited until what he supposed to be the last day for appeal, brought no record up, and did not resist the motion to dismiss.

APPEAL from the District Court of the Third Judicial District of the State of Nevada, Eureka County; *Peter Breen,* Judge.

Action by P. Paroni against G. B. Simonsen.. Judgment for plaintiff, and defendant appeals. On motion to dismiss the appeal with damages. **Motion granted.**

The facts sufficiently appear in the opinion.

*J. M. Lockhart, A. B. Lightfoot,* and *T. J. McParlin,* for Appellant.

*Henry K. Mitchell,* for Respondent.

*Per Curiam:*

This is a motion to dismiss an appeal, and for costs and damages for delay.

The motion was duly noticed and is based on the cer-

tificate of the clerk, which recites the following facts: "That the opinion and decision of said district court in the above cause was duly filed in my office on the 26th day of February, 1910, and judgment rendered therein on said day; that the judgment so rendered was entered on the 28th day of February, A. D. 1910; that appellant, on the 26th day of April, 1910, served and filed his statement on appeal from said judgment; that respondent filed his amendments to said statement on appeal on the 29th day of April, A. D. 1910; that on the 28th day of February, A. D. 1911, appellant filed and served his notice of appeal from said judgment to this court, and on the 4th day of March filed in said cause an undertaking to make such appeal effective. I hereby further certify that since the filing of said notice of appeal or undertaking, nor at any time, has appellant ordered any transcript on appeal in said cause, nor has any transcript on appeal been made."

It appears from the certificate of the clerk that the appeal was not taken within a year after the rendition of the judgment, and the appeal must be dismissed for that reason. (*Central Trust Co.* v. *Holmes M. Co.*, 30 Nev. 437, and authorities therein cited.)

The fact that appellant waited until what he doubtless supposed was the very last day before taking his appeal, but which in fact was two days too late; the fact that he has made no effort to bring the record to this court; the fact that he has made no appearance or resistance whatever to the motion to dismiss—justifies us, we think, in the conclusion that the appeal was taken purely for purposes of delay. The statute provides that, "when it appears to the appellate court that the appeal was made for delay, it may add to the costs such damages as may be just." (Comp. Laws, 3434.)

In view of the fact that the respondent has been put to the unnecessary expense of having counsel come from Eureka to Carson City for the purpose of presenting this motion, it is manifest that the appellant has caused the respondent damage by reason of his appeal, taken for

the purposes of delay, and we think $150 a reasonable amount for such damages.

Wherefore it is ordered that the appeal be dismissed, and that the respondent have and recover from the appellant damages in the sum of $150, and the respondent have his costs.