## PADILLA *v.* MASON

No. 2933

March 27, 1931.                          296 P. 1083.

*Louis Cohen,* for Appellant.

*Ham & Taylor,* for Respondent.

## OPINION

By the Court, COLEMAN, C. J.:

Respondent has made a motion to dismiss the appeal from the interlocutory decree made and entered herein and from the order directing the sale of the property

described in the decree, to affirm the order, and for damages.

This is a partition proceeding. No answer was filed to the complaint. Upon the hearing the court ordered the property sold at public auction.

The motion is based upon the following grounds: (1) That there has not been filed and served a proper transcript on appeal; (2) that there has not been filed or served any bill of exceptions; (3) that no memorandum of errors or brief has been filed or served; and (4) that the attempted appeal is without merit.

The so-called transcript on appeal was filed in this case on November 24, 1930.

Appellant has at no time filed a brief and assignment of errors in support of the appeal, nor asked for further time in which to do so. Rule XI provides that these shall be filed and served within fifteen days after the filing of the transcript on appeal. Respondent served his notice of motion on December 23, 1930, and filed it on the 26th of that month.

It has been repeatedly held by this court that, when an appellant fails to prosecute his appeal, the judgment appealed from may be dismissed. Goodhue v. Shedd, 17 Nev. 140, 30 P. 695.

Section 8906, Nev. Comp. Laws 1929, provides that, when it appears to the appellate court that the appeal was taken for delay, this court may add to the costs such damages as may be just.

The appellant not having appeared and contested this matter in the lower court, and having failed to prosecute her appeal here, we can reach no other conclusion than that this appeal was taken for the purpose of delay only, and that damages should be assessed. Paroni v. Simonsen, 34 Nev. 26, 115 P. 415; Escere v. Torre, 14 Nev. 51; Gammans v. Roussell, 14 Nev. 171; Wheeler v. Floral M. & M. Co., 10 Nev. 200; Kercheval v. McKenney, 4 Nev. 294.

It is ordered that the decree and order appealed from be affirmed with costs, and damages in the sum of $100.