# PADILLA *v.* MASON

## No. 2938

April 27, 1931.                                        298 P. 657.

*Ham & Taylor,* for Respondent:

*Louis Cohen,* for Appellant:

**OPINION**

By the Court, DUCKER, J.:

This is a motion to dismiss the appeal, to strike the transcript on appeal, and for other relief. The parties will be referred to as plaintiff and defendant. Plaintiff obtained an interlocutory decree of partition on default in the lower court, from which defendant appealed. Her appeal was dismissed by this court. Padilla v. Mason, 53 Nev. 226, 296 P. 1083. The present appeal was taken by defendant from an order denying her motion to set aside said decree of partition. Plaintiff's motion to dismiss and strike is based on a number of grounds, among which are the following: (1) That there has not been served or filed any proper transcript on appeal; (2) that there has not been served or filed any bill of exceptions on appeal. The so-called transcript on appeal in this case consists of what would .constitute the judgment roll on an appeal from a judgment; minutes of the court subsequent to entry of the decree; a copy of the notice of motion to set aside the decree; copies of affidavits of

defendant in support of the motion; a copy of the proposed answer; the ruling of the court on motion to set aside the decree; and the notice of appeal and undertaking on appeal.

■ As this is an appeal from an order and no bill of exceptions was annexed to it, the only record properly before us is said order, the notice of appeal, and undertaking on appeal. It follows that all else contained therein should be stricken. The case is governed by section 9394, Nev. Comp. Laws 1929. The section reads: "The original bills of exceptions herein provided for, together with a notice of appeal and the undertaking on appeal, shall be annexed to a copy of the judgment roll, certified by the clerk or by the parties, if the appeal be from the judgment; *if the appeal be from an order, such original bill shall be annexed to such order and the same shall be and become the record on appeal when filed in the supreme court.* A party may appeal upon the judgment roll alone, in which case only such errors can be considered as appear upon the face of the judgment roll."

We have italicized the portion of the section which controls this case.

■ Counsel for defendant contends that the case is governed by section 9395, Nev. Comp. Laws 1929, which provides that an appeal from an order made upon affidavits, certified copies of the affidavits shall be used in place of a bill of exceptions. He is in error in this contention. The order denying the motion to set aside the default was made upon the entire record before the lower court. Section 9395, supra, does not contemplate such a case. The case of Water Co. v. Belmont Dev. Co., 49 Nev. 172, 241 P. 1079, and other Nevada cases cited by defendant are not in point.

It is ordered that all parts of the so-called transcript on appeal save the order denying the motion to set aside the decree, the notice of appeal, and undertaking on appeal, be and the same are hereby stricken. As no error appears on the face of the record before us, the order appealed from is hereby affirmed.