## FIRST NATIONAL BANK IN RENO *v.* FALLON ET AL.

No. 3039

November 9, 1933.                                   26 P. (2d) 232.

*Green & Lunsford* and *Arthur F. Lasher,* for Respondents:

*W. M. Kearney* and *John Davidson,* for Appellants:

## OPINION

By the Court, COLEMAN, J.:

This case is now before the court on a motion of the plaintiff bank and Lewis, cross-complainant (respondents here), to strike the record on appeal and to dismiss the appeal of the defendants, Pacific National Agricultural Credit Corporation and Federal Intermediate Credit Bank of Berkeley, appellants.

On April 8, 1933, First National Bank in Reno instituted a suit in the district court for Mineral County to foreclose a mortgage executed by Ira and Kate Fallon, and joined Charles R. Lewis and the appellants herein as parties defendant, they having some interest in the property sought to be subjected to the foreclosure proceedings. No money judgment was asked for against any of the defendants other than the Fallons. The defendants, Ira and Kate Fallon, appeared and confessed judgment; Charles R. Lewis filed a cross-complaint. Summons was served upon appellants in California.

On May 20, 1933, there was filed with the clerk of the court by counsel for the plaintiff a request for a default against the said corporation defendants, who will hereafter be referred to as appellants, upon the ground that they had been regularly served with summons, and had failed to answer or demur within the time limited by law. On the same day, the said clerk entered the default of said corporations on the grounds mentioned.

On May 25, 1933, counsel for the plaintiff and counsel for the appellants appeared in open court. Counsel for appellants at that time tendered in open court a demurrer in behalf of appellants, to which objections were made by counsel for plaintiff. The objections to the filing of the said demurrer having been sustained, testimony was taken on the merits of the case in behalf of the plaintiff; whereupon judgment was ordered in behalf of the plaintiff and against all defendants in the sum of $24,000, plus interest and costs of suit, and also in favor of C. R. Lewis, as cross-complainant, and against Ira and Kate Fallon, in the sum of $16,000, plus interest and costs. A stay of execution was ordered for ten days.

On June 3, 1933, notice of motion and motion was served and filed in the lower court: (1) To strike from the record the said default; (2) to set aside and hold for naught the default filed by the plaintiff and entered by the court, and for an order to permit the appellants to answer to the merits; (3) to set aside and hold for naught the default judgment entered by the court against appellants on May 25, 1933.

On August 21, 1933, the appellants filed notice of appeal and undertaking on appeal, from certain orders, and particularly from the order denying appellants' motion to set aside the default judgment entered against appellants on May 25, 1933; also from an order made after judgment denying appellants' motion to retax costs assessed against them.

The motion of respondents to strike and to dismiss the appeal is based upon numerous grounds. The chief grounds are: (1) That no final judgment has been entered in the case; (2) that the order to vacate the default is not appealable; (3) that no order has been made in the case which can be reviewed on an appeal from a final judgment or from an order denying a motion for a new trial; (4) that it appears that the motion for a new trial has not been argued or determined by the trial court; (5) that no judgment roll is annexed to the proposed bill of exceptions, or in the

purported record on appeal; (6) that the purported record on appeal, or purported bill of exceptions has not been settled or allowed by the trial judge.

1. On the hearing of the motion to strike and dismiss, respondents offered in evidence a certified copy of an order made in the above-entitled matter on October 11, 1933, purporting to modify the judgment of May 25. The exhibit was admitted subject to appellants' objection. We think the objection is good. The order of May 25 is clearly a judgment. The lower court considered it a judgment, and ordered the stay of execution. Counsel for plaintiff and cross-complainant so construed it, as shown by the filing of cost bills. Pursuant to a long line of decisions by this court a judgment takes effect at the time it is announced in open court, and not when formal findings and judgment are signed. Central Trust Co. v. Holmes, 30 Nev. 437, 97 P. 390.

2. The order which the lower court made in passing upon appellants' motion to set aside the default and judgment of May 25 reads: "An order will be entered and made denying the motion to set aside the default."

No appeal lies from such an order. Johns-Manville, Inc. v. Lander County, 48 Nev. 244, 229 P. 387, 234 P. 518.

In view of the fact that the court did not pass upon the motion to vacate the judgment of May 25, or upon any other portion of the motion than that to set aside the default, and there being no order in the record relative to the motion to retax costs, we think the motion to dismiss the appeal should be granted.

It is so ordered.

ON PETITION FOR REHEARING
September 9, 1931.

*Per Curiam:*

Rehearing denied.