J. R. LEWIS and EDWIN J. MILLER, Appellants,
v. BESSIE WILLIAMS, Respondent.

No. 3362

March 20, 1942.                    123 P. (2d) 730.

*J. R. Lewis,* of Las Vegas, for Appellants.

*Harold M. Morse* and *Madison B. Graves,* both of Las Vegas, for Respondent.

## OPINION

By the Court, ORR, J.:

On October 8, 1941, plaintiff in the lower court, who is respondent here, filed in said court a complaint, and prayed for a declaratory judgment. On October 30, 1941, defendants and appellants, J. R. Lewis and Edwin J. Miller, filed their separate answer to said complaint. On November 7, 1941, the plaintiff and respondent filed a demurrer to the said separate answer, and on November 18, 1941, the said demurrer to said answer was sustained. At the time the order was entered sustaining the said demurrer, counsel for the defendants and appellants excepted to the said ruling and informed the court that said answering defendants and appellants stood upon their said demurrer. Thereafter, on the 12th day of December 1941, counsel for the answering defendants and appellants called to the attention of the lower court the fact that the answering defendants and appellants stood upon their demurrer, and further called to the attention of the court the fact that no judgment had been entered in the cause. The court thereupon ordered that a judgment be entered in favor of the plaintiff and respondent in accordance with the prayer of the complaint, and directed counsel for the plaintiff and respondent to prepare a written form of judgment. There

appears in the record a judgment, signed by the district judge and dated December 12, 1941. The judgment was filed in the office of the county clerk on the 20th day of December 1941. The bill of exceptions was filed in the office of the county clerk on the 10th day of January 1942, and there is in the record an acknowledgment of service dated the 10th day of January 1942.

Respondent has moved to strike the bill of exceptions, on the ground that the same was not served and filed within twenty days from the date of the rendition of the judgment. This motion must be allowed, as it appears affirmatively from the record that more than tweny days elapsed after the rendition of the final judgment before the filing and service of the said bill of exceptions. McGill v. Lewis, 61 Nev. 28, 111 P.(2d) 537, 538. Particular attention is directed to a number of Nevada cases cited in said case of McGill v. Lewis, supra, which establish the rule that the requirement that a bill of exceptions be filed within twenty days after rendition of final judgment is mandatory, and that unless the time has been extended by a stipulation or order of court, the bill of exceptions will be stricken upon proper motion if not filed in time.

Prior to the hearing of the motion to strike the bill of exceptions, appellants duly noticed a motion to permit appellants to substitute a copy of the judgment roll in the event the bill of exceptions was stricken. This motion was duly made on March 6, 1942, at which time respondent objected to the granting thereof. The tender of the copy of the judgment roll was after the expiration of the time allowed for its filing. Supreme Court Rule II. The appeal was perfected on the 13th day of January 1942, and the bill of exceptions was settled January 16, 1942, both dates being more than thirty days before the making of the said motion. No showing was made, by affidavit or otherwise, which would tend to excuse appellants for not filing the judgment roll within the time fixed by law, and there being no showing of excusable neglect for such failure, the motion must be denied.

City of Fallon v. Churchill County Bank Mortgage Corporation, 57 Nev. 8, 50 P. (2d) 944. We also direct attention to Id., 57 Nev. 1, 49 P. (2d) 358; Id., 57 Nev. 9, 54 P. (2d) 273, and Id., 57 Nev. 14, 59 P. (2d) 18, where motions similar to that in the case at bar are dealt with.

██ In opposition to the motion to strike the bill of exceptions, appellants presented the affidavit of Florence Fodor, a clerk in the law office of J. R. Lewis, one of the appellants, which said affidavit states that the said Florence Fodor presented to Harold M. Morse, one of the attorneys for respondent, a copy of a bill of exceptions, on the 9th day of January 1942; that said Morse informed the said Florence Fodor that before accepting service of a copy of said bill of exceptions he desired to make some investigation as to whether or not the service was being made in time; that thereafter the said Florence Fodor left the office of said Morse and took with her the said copy of the bill of exceptions, and again visited the office of said Morse on the 10th day of January 1942, at which time Madison B. Graves, of counsel for respondent, accepted service of the said bill of exceptions; that the original bill of exceptions was filed in the office of the county clerk on the 10th day of January 1942. Appellants assert that the statement of said Harold M. Morse to the said Florence Fodor constitutes a stipulation for an extension of time for service. There is no merit to this contention.

At the time of the attempted service on the 9th day of January 1942, the twenty-day period for serving and filing the bill of exceptions had expired. The final judgment was rendered on December 12, 1941, the date the trial court orally pronounced its judgment in open·court. The time for filing and serving the bill of exceptions expired January 2, 1942. A judgment is final when announced by the court. Central Trust Co. v. Holmes Min. Co., 30 Nev. 437, 97 P. 390; First National Bank in Reno v. Fallon, 55 Nev. 102, 26 P. (2d) 232; Ex parte Breckenridge, 34 Nev. 275, at page 280, 118 P. 687, Ann. Cas. 1914B, 871; Coleman v. Moore & McIntosh, 49 Nev.

139, at page 142, 241 P. 217; Hilton v. Hymers, 57 Nev. 391, at page 406, 65 P.(2d) 679, at page 684.

It is ordered that the bill of exceptions be stricken and the motion to substitute a certified copy of the judgment roll be denied.

ON RESPONDENT'S MOTION FOR AN ORDER AFFIRMING THE JUDGMENT OF THE LOWER COURT.

April 29, 1942.                              125 P.(2d) 305.

*Harold M. Morse* and *Madison B. Graves,* both of Las Vegas, for Respondent.

ORDER AFFIRMING JUDGMENT

*Per Curiam:*

Respondent has moved for an order affirming the judgment of the lower court.

We have heretofore ordered that the bill of exceptions filed herein be stricken, and denied a motion to substitute a certified copy of the judgment roll. 61 Nev. 253, 123 P.(2d) 730.

Upon the striking of the bill of exceptions nothing remained for this court to consider, and we have no alternative other than to affirm the judgment of the lower court.

It is so ordered.