NEVADA DESERT INN, INC., A CORPORATION, APPELLANT, *v.* STANLEY BURKE, ET AL., RESPONDENTS.

No. 3502

October 29, 1947.                                  185 P.2d 1005.

No appearance for Appellant.

*Jones, Wiener & Jones,* of Las Vegas, for Respondents.

## OPINION

By the Court, BADT, J.:

Respondents have moved to dismiss appellant's appeal herein on the ground that appellant has not filed a bill of

exceptions, judgment roll, transcript, or other record on appeal. The motion was argued and briefed by respondents, but no appearance was made on behalf of the appellant. Counsel representing appellant in the trial court, and who had filed the notice of appeal on behalf of appellant, addressed a letter to the clerk of this court advising that the setting of the hearing of the motion was satisfactory and that they would not appear to resist the motion.

The record shows that on July 29, 1946, the district court made an order granting the motion of the respondents for a nonsuit. On September 28, 1946, appellants served and filed notice of intention to move for a new trial, and on December 13, 1946, an order was made denying said motion. Notice of the order denying the motion for new trial was served and filed February 19, 1947. On February 10, 1947, notice of appeal was served and filed. The record discloses no bond on the appeal and no waiver of such bond, but respondents have not made the absence of the bond one of the grounds of their motion to dismiss. Thereafter sundry orders were made extending appellant's time to serve and file its bill of exceptions to the following respective dates: April 1, 1947, April 15, 1947, May 1, 1947, May 15, 1947, May 25, 1947, and June 15, 1947. No bill of exceptions, judgment roll, transcript, or other record on appeal has been served or filed.

The applicable provision of N.C.L. sec. 9385.81 requires serving and filing of a bill of exceptions within 20 days after service of written notice of the decision on the motion for new trial. Section 9385.86 provides that if a party shall omit or fail to serve and file his bill of exceptions within the time limited, he shall be deemed to have waived his right thereto. Rule II of the rules of the supreme court reads: "The transcript of the record on appeal shall be filed within thirty days after the appeal has been perfected, and the bill of exceptions, if there be one, has been settled." Rule III provides

that if the transcript of the record be not so filed "the appeal, after five days' notice in writing to the appellant, specifically stating the grounds thereof, may be dismissed on motion of the respondent."

There is nothing before the court upon which the appeal may be predicated, and appellant has made no attempt to comply with the statutes or rules of court. It is clear that the motion must be granted. Sullivan v. Nevada Industrial Commission, 54 Nev. 301, 14 P.2d 262.

Appeal dismissed.