JANETTE R. BLOUIN, APPELLANT, *v.* EMILE G. BLOUIN, JR., RESPONDENT.

No. 3553

May 17, 1949. 206 P.2d 608.

*George E. McKernon,* of Reno, and *Clarence M. Hawkins,* of Auburn, California, for Appellant.

*Frank B. Gregory* and *W. E. Baldy,* both of Carson City, for Respondent.

## OPINION

By the Court, BADT, J.:

Several motions were duly noticed, argued and submitted to the court. They include (1) respondent's motion to strike certain papers from the files, (2) respondent's motion to dismiss the appeal from the judgment, (3) respondent's motion to dismiss the appeal from the order denying appellant's motion to vacate and set aside the decree, (4) respondent's motion to dismiss the appeal from the order denying motion for new trial, (5) respondent's motion to dismiss the appeal from order denying defendant's motion for allowances, and (6) appellant's motion for allowances by way of costs, attorney fees and alimony pending the appeal.

The appeals are: (1) from a judgment granting respondent a divorce January 29, 1948; (2) from order denying motion to vacate the decree, made July 29, 1948; (3) from order denying a new trial, made March 3, 1948; and (4) from an unidentified order denying a motion for allowances.

### MOTION TO STRIKE

The motion to strike is directed to the following papers:

Notice of Motion and Motion For Leave to Amend Complaint to Conform to Proof.

Affidavit in Support of Motion to Amend Complaint.

Order Granting Leave to File Amendment to Complaint to Conform to Proof.

All Minute Orders (Except Order Overruling Demurrer).

Defendant's Exhibit "B" With Clerk's Certificate Attached Thereto.

Defendant's Exhibit "A."

Conclusions of Law.

Notice of Motion and Motion for New Trial.

Letter Dated February 20, 1948 addressed to Frank Gregory.

Affidavit of Mailing Certified Copy of Notice of Denial of Motion for New Trial.

Notice of Denial of Motion for New Trial.

Notice of Motion and Motion to Vacate and Set Aside Decree and Order Denying Motion for New Trial.

Affidavit of Janette R. Blouin.

Notice of Motion to Set Aside Decree.

Notice of Appeal.

Amended Notice of Appeal.

Affidavit of Service by Mailing.

Stipulation.

Order Extending Time to File Transcript of Hearing.

All of these instruments are embodied in a group of papers without title other than that indicated in the index thereto, which is "Index of Clerk's Record." The papers are all certified to by the clerk of the district court as being true copies of the originals there filed. None of these papers comprises a part of the judgment roll as defined by sec. 8829, N.C.L. They are not pleadings as defined in sec. 8593, N.C.L. This "Clerk's Record" was not settled by the court or by stipulation as comprising a bill of exceptions. It does not purport to comply with the requirements of sec. 9385.81, N.C.L. or the sections following, or with the rules of this court.[1]

---

[1] Sec. 9385.81, N.C.L. provides: " * * * any party to an action or proceeding may serve and file a bill of exceptions to such judgment or any ruling, decision, order, or action of the court, which bill of exceptions shall be settled and allowed by the judge or court, or by stipulation of the parties, by attaching thereto or inserting therein a certificate or stipulation to the effect that such bill of exceptions is correct, contains the substance of the proceedings relating to the point or points involved and has been settled and

In oral argument counsel for appellant stated that appellant does not claim to have a settled bill of exceptions but that his record (1) in any event contains the papers comprising the judgment roll, and (2) that this court can consider whatever records it desires to consider on the several appeals. It is true that the record referred to contains certified copies of instruments which are made by statute a part of the judgment roll, and respondent's motion does not go to such instruments.

■ As to the asserted right of this court to consider whatever papers it may desire to consider, such has never been the position taken by this court. We have consistently held that, in addition to the judgment roll, this court will consider only such papers as incorporated in a duly settled bill of exceptions, subject to the right to amplify and complete such record under certain circumstances. Brearley v. Arobio, 54 Nev. 382, 12 P.2d 339, 19 P.2d 432; McGill v. Lewis, 61 Nev. 28, 111 P.2d 537, 116 P.2d 581, 118 P.2d 702; Roberts v. Roberts, 63 Nev. 459, 174 P.2d 611; Sullivan v. Nevada Industrial Commission, 54 Nev. 301, 14 P.2d 262; Nevada Desert Inn v. Burke, 64 Nev. 504, 185 P.2d 1005; Garred v. Garred, 51 Nev. 335, 275 P. 2.

■■ It is asserted, however, that we may consider these appeals upon the reporter's transcript of the testimony and proceedings. The transcript filed herein on September 20, 1948 purports, however, according to

---

allowed, and when such bill of exceptions has been so settled and allowed it shall become a part of the record in such action or proceeding."

Rule II requires the filing of the "transcript of the record on appeal" within thirty days after the appeal has been perfected and the bill of exceptions has been settled. Rule III reads, so far as applicable: "If the transcript of the record be not filed within the time prescribed by Rule II, the appeal, after five days' notice in writing to the appellant, specifically stating the grounds thereof, may be dismissed on motion of the respondent."

Sec. 9385.86 provides: "If a party shall omit or fail to serve and file his bill of exceptions within the time limited he shall be deemed to have waived his right thereto * * *."

to the reporter's certificate, to be only a transcript of the proceedings on the motion to vacate the decree and the motion for a new trial July 29, 1948. This transcript embodies in turn a transcript certified by the court reporter to be a transcript of the proceedings had at the trial January 29, 1948, but contains the notation "(Note: The following testimony merely covers residence, and was requested to be transcribed.)" Such fragmentary transcript is by no means the transcript contemplated by N.C.L. sec. 9385.81(1). Nor can appellant save the situation by the contention that the fragmentary transcript covering "residence" shows that the court did not have jurisdiction over the parties. A court reporter's conclusion that a fragment of a transcript covers all the testimony or proceedings on a given subject matter cannot be substituted for the statutory requirement for the judge's certificate or the parties' stipulation. We are left no alternative but to grant the motion to strike. (So far as this applies to the Notice of Appeal and Amended Notice of Appeal, these instruments appear separately in the file.)

MOTION TO DISMISS APPEAL FROM ORDER DENYING MOTION TO VACATE AND SET ASIDE DECREE.

MOTION TO DISMISS APPEAL FROM ORDER DENYING NEW TRIAL.

MOTION TO DISMISS APPEAL FROM ORDER DENYING MOTION FOR ALLOWANCES.

 Without support of any kind in the record, these appeals must be dismissed and the motions granted. Indeed appellant filed herein on September 20, 1948 an "Assignment of Errors." With the exception of assignment No. 1, which is to the effect that the amended complaint does not state a cause of action, and assignment No. 14 (which is virtually the same as assignment No. 1) that the court erred in overruling the demurrer to the amended complaint, all of the sixteen assignments of error could be considered only in

connection with a duly settled bill of exceptions. Appellant concedes, nay insists, that the errors assigned are not discernible from the judgment roll and can be presented only by examination of the documents and proceedings attempted to be filed herein as a bill of exceptions or record on appeal. This is undoubtedly so, but it does not help appellant. See cases cited supra and the many other decisions of this court therein cited.

Appellant refers to the often expressed disposition of this court to dispose of appeals on their merits. We still adhere to that policy whenever possible, but the state of the record in this case leaves no room for the exercise of our discretion. McGill v. Lewis, supra. Appellant refers to the power of this court to correct errors in the transcript or bill of exceptions under Rules of Court VII and VIII, but has made no application for relief under either of these sections.

### MOTION TO DISMISS APPEAL FROM JUDGMENT.

■ Despite the foregoing the appeal from the judgment still pends and may be considered by this court so far as any errors appear in the judgment roll itself. As noted above, the only assignment of error remaining on such appeal is that the amended complaint does not state facts sufficient to constitute a cause of action. The motion to dismiss the appeal from the judgment must accordingly be denied.

### APPELLANT'S MOTION FOR ALLOWANCES PENDING THE APPEAL.

■ A motion of this nature may be allowed only prospectively. Appellant has apparently already met all of the expense of preparing her record on appeal and has met the expense and attorney fees of filing her opening brief on the merits. Accordingly no allowances can be made for these items. See Caye v. Caye, 65 Nev. —, 203 P.2d 1013. The only further attorney fee involved will be for the preparation of appellant's

reply brief and the argument on the merits before this court. In view of the limitation of the appeal to the only point that may now be argued, we are not disposed to make any allowance at this time. The same applies to appellant's motion for alimony pending the appeal. Argument on the only point remaining may be promptly set by the court of its own motion or at the request of either party and the period involved will be. so brief as not to warrant an order granting a motion for such alimony.

It is accordingly ordered as follows:

The motion to strike is hereby granted.

The motion to dismiss the appeal from the order denying the motion to vacate the judgment is granted.

The motion to dismiss the appeal from the order denying new trial is hereby granted.

The motion to dismiss the appeal from the order denying allowances is hereby granted.

The motion to dismiss the appeal from the judgment is denied.

The appellant's motion for allowances is hereby denied.

Each party will pay his and her own respective costs on these motions.

EATHER, J., and BROWN, District Judge, concur.

HORSEY, C. J., being absent on account of illness, the Governor commissioned HONORABLE MERWYN H. BROWN, Judge of the Sixth Judicial District, to sit in his place.

ON PETITION FOR REHEARING

June 22, 1949.

*Per Curiam:*

Rehearing denied.