ELIZABETH ROTHERHAM DILLON, Appellant *v.*
KENNETH P. DILLON, Respondent.

No. 3622

July 5, 1950.        ·        220 P.2d 213.

*T. L. Withers,* of Reno, for Appellant.

*L. D. Summerfield* and *A. R. Schindler,* both of Reno, for Respondent.

## OPINION

By the Court, BADT, J.:

Respondent husband, who was granted a decree of divorce from the appellant wife by the district court, has (1) moved to strike the "transcript of Testimony and Proceedings," certified by the official court reporter; (2) has moved to strike twenty-two listed papers embodied in the "Record on Appeal"; (3) to dismiss the appeal from the order denying appellant's motion for new trial; and (4) to dismiss the appeal from the final judgment.

The chronology of the various filings is as follows:

September 8, 1949, oral judgment pronounced.

September 9, 1949, notice of decision served and filed.

March 3, 1950, order denying new trial filed and notice thereof served.

March 8, 1950, the judgment and decree of divorce filed.

April 29, 1950, notice of appeal from judgment and

from order denying new trial, and bond on appeal served and filed.

May 23, 1950, record on appeal and reporter's transcript of testimony and proceedings served and filed.

■■ Sections 9385.81, 9385.84 and 9385.86, so far as applicable to the present motions, are set forth in the margin.[1] No bill of exceptions was ever settled by stipulation of the parties or certificate of the district judge. The papers enumerated in the motion to strike comprise twenty-two instruments which, under the provisions and definitions of our statute, do not comprise a part of the judgment roll. Section 8828, N.C.L.1929[2]. The question is not new to this jurisdiction. Under consistent rulings of this court the twenty-two listed documents, being neither incorporated in a bill of exceptions nor comprising a part of the judgment roll, must be stricken and the transcript must likewise be stricken

[1]"§ 9385.81. BILL OF EXCEPTIONS, HOW AND WHEN FILED. § 31. At any time after the filing of the complaint and not later than twenty (20) days after final judgment, or if a motion be made for a new trial, then within twenty (20) days after service of written notice of the decision upon such motion * * * any party to an action or proceeding may serve and file a bill of exceptions to such judgment or any ruling, decision, order, or action of the court, which bill of exceptions shall be settled and allowed by the judge or court, or by stipulation of the parties, by attaching thereto or inserting therein a certificate or stipulation to the effect that such bill of exceptions is correct, contains the substance of the proceedings relating to the point or points involved and has been settled and allowed, and when such bill of exceptions has been so settled and allowed it shall become a part of the record in such action or proceeding.

"Transcript of Proceedings may Constitute Bill of Exceptions. Bills of exceptions shall be made up and prepared as follows, and not otherwise:

"(1) A transcript of the proceedings, certified by the court reporter, appointed by the court, under authority of law, or by agreement of the parties, to be a full, true, and correct transcript thereof, may be served and filed, and when so filed shall be and constitute the bill of exceptions of the proceedings relating to the point or points involved, as therein set forth, without further stipulation or settlement by the court; provided, however, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto. The transcript of the proceedings, certified by the court reporter, as herein

for late service and filing. Craig v. Harrah, 65 Nev. 294, 195 P.2d 688, 66 Nev. 1, 201 P.2d 1081; McGill v. Lewis, 61 Nev. 28, 111 P.2d 537, 116 P.2d 581, 118 P.2d 702; Blouin v. Blouin, 66 Nev. 137, 206 P.2d 608; and the cases therein referred to.

■ The record being then bare of support of the appeal from the order denying the motion for new trial, the motion to dismiss the appeal from such order must be granted. Blouin v. Blouin, supra.

■ This leaves for our consideration respondent's motion to dismiss the appeal from the judgment. As hereinabove quoted, the judgment was orally pronounced from the bench September 8, 1949. The formal judgment and decree of divorce was filed March 8, 1950. The notice of appeal from the judgment was served and filed April 29, 1950. The statute requires such appeal to be

provided, together with all other matters, exhibits, motions, papers or orders, required to be incorporated in a bill of exceptions, when so incorporated in the bill of exceptions, as herein provided, and when such bill of exceptions has been so settled and allowed, as herein provided, it shall become a part of the record in such action or proceeding."

"§ 9385.84. REQUIREMENT OF ACT MUST BE ADHERED TO. § 34. Bills of exceptions provided for by this act must be prepared, served, and filed, as herein provided, and not otherwise * * *."

"§ 9385.86. WHEN RIGHT TO FILE BILL WAIVED. § 36. If a party shall omit or fail to serve and file his bill of exceptions within the time limited he shall be deemed to have waived his right thereto * * *."

[2]The documents which respondent moves to be stricken are as follows: 1. Affidavit for publication of summons; 2. Order for publication of summons; 3. Summons; 4. Proof of publication; 5. Affidavit of mailing; 6. Defendant's demand for bill of particulars; 7. Notice of motion and motion for order for allowances; 8. Affidavit of defendant; 9. Plaintiff's demand for bill of particulars; 10. Plaintiff's bill of particulars; 11. Proposed findings of fact and conclusions of law; 12. Objections and exceptions to proposed findings; 13. Notice of decision; 14. Stipulation; 15. Rulings on motion for new trial and as to findings of fact and conclusions of law; 16. Notice of intention to move for a new trial; 17. Notice of order refusing a new trial; 18. Clerk's minutes, May 31, 1949; 19. Clerk's minutes, August 1, 1949; 20. Clerk's minutes, September 7, 1949; 21. Clerk's minutes, September 8, 1949; 22. Clerk's minutes, March 3, 1950.

taken within six months from the rendition of the judgment. Sec. 9385.60, N.C.L. Supp., 1931–1941. If the oral pronouncement was the final judgment, the notice of appeal was too late and gave this court no jurisdiction over the appeal. If the oral pronouncement was not the final judgment and the formal judgment and decree was such final judgment, the appeal was timely. It is true, as pointed out by respondent, that this court has several times held that a final judgment is rendered when the judgment is orally pronounced by the trial court. Lewis v. Williams, 61 Nev. 253, 123 P.2d 730, 125 P.2d 305, and cases therein cited.

The court minutes of September 8, 1949 show the following as the oral pronouncement of the judgment: "The court ordered the decree of divorce be granted to the plaintiff; that plaintiff be directed to pay counsel for defendant the further sum of $100.00 additional attorney fee." The reporter's transcript shows the oral order as follows:

"Subject to discussion with reference to allowances which may be in the way of attorney fees, which would have to come as alimony, it is the judgment and order of this Court that plaintiff have judgment and decree of divorce as prayed, on the grounds of cruelty as alleged, and as that term is defined by the law of the State of Nevada.

"That the plaintiff pay in the way of allowance or alimony, intended to be paid as attorney fees, $100 to or through counsel for and on behalf of the defendant and cross-complainant."

Appellant contends that this judgment, being silent as to costs, was not a final pronouncement, and we are of the opinion that she is correct in such contention. Respondent insists that in divorce actions the matter of costs and expenses is taken care of by a motion for allowances under sec. 9465, N.C.L.1929, under which allowances were granted in the present case, and under which an additional attorney fee of $100 was ordered by the oral judgment, and that our general cost statute, sec.

8927, N.C.L.1929, has no application to actions for divorce. In support of this contention respondent quotes a portion of sec. 29.02, 3 Nelson on Divorce and Annulment. The entire section so far as applicable reads as follows: "Costs in divorce suits, aside from attorneys' fees for the wife, may be governed by special rule or statute, but are usually left in the discretion of the court. The general rule, by statute in most states with respect to actions generally, is to award costs to the successful party, and against the unsuccessful one. There is no common law right to costs, however, which are entirely a creature of statute, and general cost statutes are not necessarily deemed applicable to divorce suits. Sometimes it is deemed just and proper to apportion the costs. In proper case, costs may be awarded against the wife, or, in community property states, against community property."

■ Respondent also relies upon Falk v. Falk, 48 Cal. App.2d 780, 120 P.2d 724, cited in the foregoing text, which case did indeed hold that certain limitations in the general statute entitling the prevailing parties to costs did not apply in a divorce action, wherein costs might be awarded in the discretion of the court. The circumstances of the Falk case do not apply here. The general rule, as stated in 27 C.J.S., Divorce, sec. 196, page 873, is that the awarding of costs in divorce actions is not a matter of right but rests in the sound discretion of the trial court. A similar question as to the finality of a judgment that failed to tax the costs was before this court, although not in a divorce action, in Magee v. Whitacre, 60 Nev. 202, 96 P.2d 201, 202, 106 P.2d 751, in which ORR, J., speaking for the court, said:

"As to the second proposition, the trial court did not make an order relative to the costs until the filing of the formal findings and formal judgment, on the 26th day of September, 1938, and no mention thereof was made in the decision of April 14, 1938. This is an action in equity, and is clearly one in which the court is vested with discretion in the assessment of costs, under Section 8927,

■

N.C.L. The case of Perkins v. Sierra Nevada Silver Mining Co., 10 Nev. 405, 410, gives the following definition of a final judgment: 'A judgment or decree is final that disposes of the issues presented in the case, *determines the costs,* and leaves nothing for the future consideration of the court.' This definition is cited with approval by this Court in the case of Nevada First National Bank of Tonopah v. Lamb, 51 Nev. 162, 271 P. 691.

"Reading the decision of the trial court in the light of the above definition, we find missing one of the essentials, namely, it fails to determine the costs; hence to that extent it is not final, and such determination not having been made until September 23, 1938, final judgment was not entered until said date, and appellants had six months therefrom in which to appeal. The appeal from the judgment was timely, and the motion to dismiss said appeal is denied." (Emphasis by Justice ORR.) The opinion in the Lamb case was *Per curiam.*

■■ Respondent thinks that Magee v. Whitacre may be distinguished, first, because that was an equity suit involving a number of parties and an intervener, and secondly, because as a matter of fact costs were awarded by the formal judgment in that case, while the present action is one for divorce and in which neither the oral judgment nor the formal decree did award any costs. While it is true that a divorce suit is statutory in Nevada, Effinger v. Effinger, 48 Nev. 209, 228 P. 615, 239 P. 801, it partakes of the nature of an equitable proceeding, in the course of which injunction, mandamus, appointment of receiver and other equitable writs and orders may be employed. Thompson v. Thompson, 49 Nev. 375, 247 P. 545, 547, 47 A.L.R. 569. Mr. Chief Justice COLEMAN in that case, after discussing various authorities and some of the general statements made to the effect that matrimonial actions are neither actions at law nor suits in equity but are statutory actions, points out that our constitutional convention classified

divorce suits as equitable in character. When sec. 6 of article VI of the constitution, fixing the jurisdiction of district courts, was under consideration, it was suggested that it might be well "to include cases of divorce," but in rejecting this contention it was stated: "They are covered already. Those are actions in equity, and it is provided that the district courts shall have original jurisdiction in all cases in equity." Thompson v. Thompson, supra, quoting Marsh's Constitutional Debates 653.

Nor is the situation changed by reason of the fact that the final decree did not allow costs. Discretion to award costs was still in the court and therefore, under the authorities cited, the oral pronouncement was not a final judgment, and the statutory period of six months within which to appeal did not commence to run until six months after the rendition of the formal judgment.

The motion to strike the enumerated twenty-two documents is granted. The motion to strike the "Transcript of Testimony and Proceedings" is granted. The motion to dismiss the appeal from the order denying appellant's motion for new trial is granted. The motion to dismiss the appeal from the judgment is denied.

No costs are awarded.

HORSEY, C. J., and EATHER, J., concur.