ETHEL M. SMITH, APPELLANT, *v.* FRANK C. SMITH, RESPONDENT.

No. 3686

May 7, 1952.                                    243 P.2d 1048.

*Oliver C. Custer,* of Reno, and *C. M. Hawkins,* of Claremont, California, for Appellant.

*Pike, McLaughlin and Furrh,* of Reno, for Respondent.

## OPINION

By the Court, MERRILL, J.:

This is an appeal from judgment of the trial court granting a decree of divorce to respondent husband and from order of that court entered after judgment denying a motion to set aside and vacate the judgment and the jury verdict upon which it was based. Respondent has made three motions with which we are here concerned.

1. *Motion to dismiss appeal from judgment.*

This motion is based upon the proposition that the appeal was not taken within the period of six months provided by law. Judgment was entered in writing on June 23, 1950, following a jury verdict rendered June 22, 1950. The appeal was taken August 20, 1951. Appellant contends, however, that the time for perfecting her appeal has never yet started to run.

In this respect she asserts that due to the manner in which the verdict was rendered and judgment entered thereon, there was in effect no judgment at all from which the time to appeal might start to run. Further, she asserts that since the judgment as entered in writing makes no provision for costs and the suit is equitable in character, the judgment is not final. She contends, in this respect, that she may consistently: (1) accept that the judgment sufficiently exists and is

sufficiently final to support an appeal; and (2) contend simultaneously that it is not sufficiently existent nor final to start running the time for perfecting that appeal. In support of her position she cites Dillon v. Dillon, 67 Nev. 428, 220 P.2d 213. In that case neither the oral pronouncement of judgment nor the written judgment thereafter filed made any express provision for costs. This court there held that the suit, being for divorce, was equitable in character and that the judgment in order to be regarded as final should "determine the costs" under Magee v. Whitacre, 60 Nev. 202, 96 P.2d 201, 203, 106 P.2d 751 (appearing in 96 P.2d 201 under its original title of Magee v. Lothrop). Appellant appears to construe the holding in that case to be that time had therefore not started to run either from the oral pronouncement or from the written judgment. Such was not the holding. This court held only that the oral pronouncement was not final, pointing out that until the formal written judgment was filed, "Discretion to award costs was still in the court." [67 Nev. 435, 220 P.2d 216.] Clearly the written judgment *was* regarded as final, the court stating: "The statutory period of six months within which to appeal did not commence to run until * * * rendition of the formal judgment." In cases other than those where costs are allowed as a matter of course the statutory provision is that "costs may be allowed or not." (Sec. 8927, N.C.L.1929.) The formal written judgment, making no provision for costs, could only be interpreted as an exercise of judicial discretion not to allow costs to either party. Nothing, then, remained to be done.

We must, then, regard appellant's contentions as to the existence and finality of the judgment as not available to her on this appeal. If a judgment is sufficiently existent and final to support an appeal it is sufficiently existent and final to start running the time for the taking of that appeal. The appeal, then, was not timely taken and the motion to dismiss must be granted.

*2. Motion to strike from record on appeal the affidavit of Ethel M. Smith.*

On December 21, 1950, appellant moved the trial court for an order vacating and setting aside the verdict and judgment. This motion was denied by order entered June 13, 1951, and an appeal therefrom was taken August 20, 1951. The record on appeal herein consists solely of the court's order and appellant's notice of motion to which is attached the affidavit of appellant used in support thereof before the trial court. No bill of exceptions was filed.

Respondent has moved this court for an order striking the affidavit since it forms no part of a bill of exceptions, contending that only by such a bill, properly settled and allowed and duly filed, can a record be provided in support of the appeal from the order. Appellant, in response, directs our attention to sec. 9385.89, N.C.L. 1929, 1931–1941 Supp., relating to the record on appeal where the appeal is from an "order made upon affidavits." That section states: "copy of such affidavits and counter affidavits, if any, shall be annexed to the order in place of the bill of exceptions * * *." Respondent, in reply, contends that this is not an appeal from an order made upon affidavits within the meaning of that section. An examination of the notice of motion demonstrates that this position is well taken.

The notice states: "That upon the hearing of said motion the defendant will use, refer to and rely upon this notice of motion and the records and files of this action * * *, the minutes of the said court and Bill of Exceptions * * * and the transcript of proceedings * * * and upon any and all matters, exhibits, motions, papers and orders appearing in the said action and upon the oral testimony of J. Callahan, the court reporter who reported said trial and the oral testimony of Mrs. August Brinkby, the residence witness adduced by plaintiff at said trial and the affidavit of the defendant Ethel M. Smith."

The grounds for the motion as stated in the notice clearly show that determination of the motion required of the trial court a full reconsideration of evidence presented at the time of trial. As stated in Padilla v. Mason, 53 Nev. 269, 298 P. 657, 658, "The order denying the motion to set aside the default was made upon the entire record before the lower court. Section 9395, supra, [being present sec. 9385.89] does not contemplate such a case."

The affidavit of Ethel M. Smith, since it is not incorporated in any bill of exceptions, must then be stricken in accordance with respondent's motion.

3. *Motion to dismiss appeal from order denying motion to vacate and set aside verdict and judgment.*

We need not decide whether (in the light of the character of the motion as revealed by its notice) the order denying the motion can properly be considered as an appealable order made after final judgment. It is apparent that upon the striking of the affidavit of Ethel M. Smith, the appeal from the order stands wholly unsupported and must be dismissed for that reason.

The appeal from the judgment herein is hereby dismissed. The affidavit of Ethel M. Smith is ordered stricken from the record on appeal herein. The appeal from the order denying motion to vacate and set aside verdict and judgment is hereby dismissed. No costs are awarded.

BADT, C. J., and EATHER, J., concur.

ORDER DENYING PETITION FOR REHEARING
May 29, 1952.

*Per curiam:*

**Rehearing denied.**