ROBERTA PLUNKETT, Appellant, *v.* MARVIN K.
PLUNKETT, Respondent.

No. 3826

December 8, 1954.                              277 P.2d 380.

*Robert L. Gifford,* of Las Vegas, for Appellant.

*Morse, Graves & Compton,* of Las Vegas, for Respondent.

## OPINION

ON MOTION FOR ALLOWANCES.
GRANTED IN PART, DENIED IN PART.

*Per Curiam:*

Appellant wife has moved for an allowance of $250 costs and expenses and $500 attorney fee on appeal. The motion is supported by the appellant's affidavit and opposed by respondent's counter affidavit. The specified required costs are "filing fees in the Supreme Court * * * securing of an appeal bond, for clerk's and reporter's transcript fees for the preparation of a transcript of the files of the * * * district court, together with stenographic notes of the reports of the testimony, all of the documentary evidence, orders of court, and the pleadings, papers, and records making up the record on appeal." The record shows that the expense of all of these items has already been met and, as a motion of this nature may be allowed only prospectively, the same is denied. Blouin v. Blouin, 66 Nev. 137, 143, 206 P.2d 608.

As to counsel fees, the preparation of the record on appeal has been completed, the opening brief on the merits has been filed, the reply to respondent's seven-page answering brief will be short, the preparation for the argument on appeal will comprise only a review of the work already done, and the only remaining function for counsel for appellant is apparently the presentation of the oral argument on the merits of the appeal and the time and expense required in traveling from Las Vegas to Carson City for the purpose. For the last-named items it is ordered that respondent pay to appellant's attorneys the sum of $200. As it appears that

respondent is presently at Anderson A. F. Base, Guam, M. I., said sum may be paid within thirty days from date of counsel's receipt of copy of this order.

This order is without prejudice to the making of other and additional orders with regard to payment of costs and attorney fees in the court's disposition of the appeal on the merits. The appeal will stand in abeyance until payment by respondent of sum herein ordered, unless the appellant shall voluntarily elect to proceed despite any failure of compliance. Caye v. Caye, 66 Nev. 78, 83, 203 P.2d 1013, 211 P.2d 252.